## MIDLAND VALLEY RAILROAD COMPANY *v.* HALE.

### Opinion delivered June 8, 1908.

1. CARRIERS—DAMAGE TO FREIGHT—FORM OF ACTION.—If the complaint in an action against a carrier to recover damages to freight might be treated as either on an implied contract or *ex delicto*, but the amount sued for, towit, $150, exceeded the justice's jurisdiction in matters *ex delicto*, the action will be treated as *ex contractu*. (Page 485.)

2. CONNECTING CARRIERS—PRESUMPTION AS TO DAMAGES TO FREIGHT.— Where, in a suit against the last of two or more connecting carriers, undisputed evidence showed that freight shipped over the connecting railroads was damaged when it arrived at the destination, and there was no evidence to show where the damage occurred, it was not error to direct a verdict in favor of the plaintiff for whatever amount the damage was found to be, as there was a presumption that the last carrier was the negligent one. (Page 485.)

Appeal from Sebastian Circuit Court; *Daniel Hon*, Judge; affirmed.

*Geo. W. Dodd,* for appellant; *Jos. M. Spradling* and *Ira D. Oglesby,* of counsel.

1. The court had no jurisdiction. "Matters of damage to personal property" means all injuries one may sustain in respect to his ownership of personal estate. Const. art. 7, § 40; Kirby's Digest, § 4552; 41 Ark. 478; *Ib.* 210-14; 40 *Id.* 78; 47 *Id.* 58-61; 48 *Id.* 293; 55 *Id.* 281, 44 Ark. 377; 40 *Id.* 556; 43 *Id.* 107.

2. Statutes conferring jurisdiction are strictly construed. 66 Ark. 79; 7 *Id.* 305; 18 Am. & Eng. Enc. Law (2 Ed.), 17; 24 Cyc. 440. The amount in controversy is the sum demanded. 44 Ark. 100. Where the justice has no jurisdiction, the circuit court has none on appeal. 66 Ark. 346; 45 *Id.* 346; 24 Cyc. 730-731. The question can be raised here for the first time. 45 Ark. 346; *Ib.* 150; 48 *Id.* 151.

3. It was error to refuse a continuance. 9 Cyc. 128, note 99.

4. It was error to instruct the jury to find for the plaintiff under Acts 1905, § 1, p. 359. The presumption of negligence may be overcome by proof. 73 Ark. 112; 72 *Id.* 503. The statute was not intended to cut off all defenses. 65 Ark. 235; 63 *Id.* 636; 49 *Id.* 535; 57 *Id.* 136; 66 *Id.* 439; 67 *Id.* 514. The *prima facie* case may be overcome by proof that the damage did not occur while the goods were in possession of the carrier. 73 Ark. 112; 72 *Id.* 503. A statute in affirmance of the common law is to be construed as was the rule by that law. 23 Am. & Eng. Enc. of Law, 529; 1 Ark. 567; 44 *Id.* 265; 48 *Id.* 235. A State cannot make a carrier liable for the negligence of a connecting carrier. 7 Cyc. 427; 13 S. W. 709; 27 *Id.* 541.

5. So much of the act as attempts to regulate interstate shipments is void. 27 S. W. 541; 13 *Id.* 709; 54 Ark. 248; 57 *Id.* 24; 149 Ill. 600.; 29 Am. St. 705, note; 202 U. S. 543; 17 Am. & Eng. Enc. (2 Ed.) 104.

*Pryor & Tatum*, for appellee.

1. The court had jurisdiction. 85 Ark. 257.

2. The *prima facie* presumption, in absence of evidence locating the damage, is that the last carrier is the negligent one. 76 Ark. 593. There was no evidence in this case to rebut this presumption.

McCULLOCH, J. Appellees, J. E. Hale & Company instituted suit before a justice of the peace against appellant railroad company to recover on an account in the sum of $95.58 for "damages on merchandise." Judgment was rendered in their favor, and the company appealed to the circuit court. The court there sustained a motion to make the complaint more definite and

certain; and appellees filed a formal complaint, alleging that on or about October 1, 1905, appellant received from a connecting carrier a consignment of merchandise shipped by the Ferguson-McKinney Dry Goods Company, at St. Louis, Mo., over the Chicago, Burlington & Quincy Railroad Company and connecting carriers, to appellee at Hackett City, Arkansas, as shown by bill of lading exhibited with the complaint, which was issued by the initial carrier, and "that through carelessness and negligence of defendant's agents and employees said shipment of merchandise was exposed to the weather and became wet and greatly damaged, to these plaintiffs' damage in the sum of $94.58, wherefore plaintiffs pray judgment," etc.

Appellant filed its answer, denying every allegation of the complaint and alleging that the damage, if any, occurred while the merchandise was in the hands of a connecting carrier, and not on appellant's line.

During the progress of the trial appellees were allowed to amend their complaint so as to conform to the evidence by stating the amount of damage at the sum of one hundred and fifty dollars. This was done over appellant's objection.

Appellees recovered judgment for the full amount claimed. It is urged, in the first place, that the circuit court lost jurisdiction of the case on account of the amendment raising the amount sued for to the sum of one hundred and fifty dollars. The recent decision of this court in the case of *St. Louis & N. A. Rd. Co.* v. *Wilson*, 85 Ark. 257, is conclusive of this question. The allegations of the complaint were sufficient to support an action *ex contractu.* Appellant did not issue the bill of lading sued on, as it was not the initial carrier, but an implied contract between it and the consignee arose by its acceptance of the goods for transportation from the initial or connecting carrier. A suit could, in case of loss or damage, be maintained either on the implied contract or for the tort. This is a suit on contract, and the court had jurisdiction of the amount mentioned in the amended complaint.

The undisputed evidence showed that the goods were in a damaged condition when they arrived at the point of destination in appellant's possession. No attempt was made to prove where the damage actually occurred, and the court gave a peremptory

instruction to the jury to return a verdict in favor of the plaintiff for whatever they found the amount of the damage to be. This was correct, as there was a presumption, in the absence of other proof, that the last carrier was the negligent one. *Kansas City So. Ry. Co. v. Embry,* 76 Ark. 589.

Error of the court is also assigned in its refusal to grant appellant a continuance until the succeeding term, but no abuse of the court's discretion is shown in this ruling.

Judgment affirmed.