KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* CARL.

Opinion delivered June 14, 1909.

1.  CARRIERS—CONNECTING LINES—VALIDITY OF RESTRICTION OF LIABILITY.—
    Under the act of Congress of June 29, 1902, known as the Hepburn Act, a stipulation in a bill of lading for a through interstate shipment which exempts the initial or a connecting carrier from liability for loss caused by such carrier is invalid.  (Page 99.)

2.  SAME—LOSS OF FREIGHT—BURDEN OF PROOF.—Where goods are shipped over connecting lines of carriers on a through bill of lading, and on reaching their destination a box is missing, in an action therefor against the last carrier the burden of proof is on it to show that the loss did not occur on its line.  (Page 101.)

3.  APPEAL AND ERROR—PREJUDICE.—Where a judgment is right upon the undisputed testimony, no prejudice could have resulted to appellant from any instructions given by the court.  (Page 101.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action to recover damages for loss of a box of household goods shipped from Lawton, Oklahoma, to Gentry, Arkansas. The suit was brought before a justice of the peace in Benton County, Arkansas, and judgment was rendered in favor of the plaintiff. The case was duly appealed to the Benton Circuit Court.

On a trial anew in that court, the plaintiff testified that on October 8, 1907, he delivered to the Chicago, Rock Island & Pacific Railway Company at Lawton, Oklahoma, two boxes and one barrel, containing household goods, and that he signed a contract and received a bill of lading. The goods were consigned to himself at Gentry, Arkansas. He received the barrel of goods, and also one of the boxes; but one of the boxes was never received. The value of the goods as testified to by the plaintiff exceeded the sum of $75.

The defense of the railway company was that the goods were shipped upon a contract between the plaintiff and the Chicago, Rock Island & Pacific Railway Company and its connecting carriers; that the defendant is one of the connecting carriers, and is entitled to the benefit of all the provisions of said contract; that said contract contained a stipulation that, in consideration that the plaintiff would receive the lower of two freight rates, in case of loss said goods should be valued at $5 per hundred weight. That all of the goods received weighed 400 pounds; that there was delivered to the plaintiff by the defendant 300 pounds of said goods.

The jury returned a verdict for plaintiff for $75, and the defendant has appealed from the judgment rendered.

*Read & McDonough*, for appellant.

Appellee entered into a contract limiting the liability, of which he had knowledge, not under coercion nor through fraud and imposition, but having full opportunity to read and understand it. The contract was legal and binding, and a verdict should have directed in favor of appellant. 50 Ark. 406 and authorities cited; 87 Ark. 339; 114 S. W. (Mo.) 1052; 88 Ark. 594; 84 Ark. 423; 73 Ark. 112; 83 Ark. 502; 162 Fed. 585; 204 U. S. 505; 63 N. E. 245. Having had oppor-

tunity to read the contract, as appellee admitted, it was error to admit his testimony that he did not understand the contract. 159 Fed. 960.

HART, J. (after stating the facts). Counsel for appellant urge that upon the undisputed evidence the court should have directed a verdict for appellant. They rely for a reversal on the clause in the contract with the initial carrier limiting the liability as to value in case of loss. They contend that the stipulations restricting the liability in case of loss were made for their benefit as well as for the benefit of the initial carrier, and base their contention on our decisions to that effect in the cases of *St. Louis, I. M. & S. Ry. Co.* v. *Weakley,* 50 Ark. 406; *St. Louis & S. F. Rd. Co.* v. *Burgin,* 83 Ark. 502, and cases cited. But in making their contention they have not taken into consideration the effect of the Hepburn amendment to the Interstate Commerce Act, which became effective on June 29, 1906, a date prior to the time the contract in question was made. That part of the Hepburn Act which applies to the present case is contained in section 20, which reads as follows:

"That any common carrier, railroad or transportation company, receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; *provided,* that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing laws."

"That the common carrier, railroad, or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained the amount of such loss, damage or injury as it may be required to pay the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

The undisputed evidence shows that the initial carrier received the property for transportation from a point in one State to a point in another State, and the presumption, in the absence of evidence to the contrary, was, as will be seen from our decisions hereinafter referred to, that the goods were lost through the negligence of appellant, the last carrier.

. The section of the Hepburn Act above quoted makes the carrier liable "for any loss, damage or injury to such property caused by it, * * * and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed."

The express terms of the act make the carrier liable for any loss caused by it, and provide that no contract shall exempt it from the liability imposed. It is manifest that the act renders invalid all stipulations designed to limit liability for losses caused by the carrier. Public policy forbids that a public carrier should by contract exempt itself from the consequences of its own negligence. For the same reason a statute may prohibit it from making stipulations in a contract which provide for such partial exemption. If the initial carrier is prohibited from making a contract limiting its own liability, it is obvious that it should not make a contract limiting the liability of its connecting carriers; for the section of the Hepburn Act under discussion provides that the carrier issuing the bill of lading may recover from the connecting carrier on whose line the loss occurs the amount of the loss it may be required to pay the owner.

"The act expressly invalidates all stipulations designed to limit liability for losses caused by the carrier." *In the matter of Released Rates,* 13 Interstate Commerce Reports, 550.

In the case of *St. Louis S. W. Ry. Co.* v. *Grayson,* 89 Ark. 154, we held that a restriction of the liability of a carrier to loss upon its own line is in violation of the Hepburn Act, making the initial carrier liable for damage to an interstate shipment, whether it occurs on its own line or on its connecting lines, and in support of the decision cited the case of *Smeltzer* v. *St. Louis & S. F. Rd. Co.,* 158 Fed. 649. The validity of this clause of the Hepburn Act has also been sustained by the Court of Appeals of the State of Georgia in the case of *Southern Pacific Company* v. *Crenshaw Brothers,* 5 Ga. App. 675.

Therefore, we hold that the contract in question was prohibited by the terms of the Hepburn Act, and is invalid in so far as it attempts to limit the liability of the carrier in case of loss caused by it.

This case is distinguished from the case of *St. Louis, I. M. & S. Ry. Co.* v. *Furlow,* 89 Ark. 404, and *St. Louis & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308, where we held that a stipulation in a contract for an interstate shipment which required notice in writing of the loss to be given within a specified time, if reasonable, was not in conflict with the provisions of the Hepburn Act. The stipulation in question there did not exempt the carrier from any liability imposed by the Hepburn Act. They were mostly rules or regulations adopted by the carrier for the purpose of securing it from fraud and imposition.

Having held the contract of shipment invalid in so far as it restricted the liability of the carrier as to the value of the goods shipped in case of loss because such restriction was in violation of the provisions of the Hepburn Act, the cause stands as if the Chicago, Rock Island & Pacific Railroad Company had accepted the goods for shipment from Lawton, Oklahoma, to Gentry, Arkansas, and the appellant was the last carrier of the goods.

"Where goods are shipped over connecting lines of carriers on a through bill of lading, and on reaching their destination a box is missing, in an action therefor against the last carrier the burden of proof is on it to show that the loss did not occur on its line." *St. Louis S. W. Ry. Co.* v. *Birdwell,* 72 Ark. 502. To the same effect see: *Kansas City So. Ry. Co.* v. *Embry,* 76 Ark. 589; *Midland Valley Rd. Co.* v. *Hale,* 86 Ark. 483.

In this case the undisputed evidence shows that the goods were delivered to the initial carrier, and there is nothing to rebut the presumption that they were received by appellant, the last carrier, and lost through its negligence. Hence, under the undisputed evidence as disclosed by the record, appellant was liable for the amount recovered.

The judgment being right upon the undisputed testimony, no prejudice could have resulted to apellant from any instruction given by the court. *St. Louis S. W. Ry. Co.* v. *Grayson, supra.*

Therefore it will not be necessary to discuss the correctness of the instructions given by the court, and the judgment will stand affirmed.