GIBSON v. LITTLE ROCK & HOT SPRINGS WESTERN RAILWAY COMPANY.

Opinion delivered January 24, 1910.

1. CARRIERS—PERISHABLE GOODS—NEGLIGENCE.—Where a carrier undertook to ship perishable goods in a refrigerator car, it cannot shield itself by proving that an independent contractor which it employed to care for the goods in transit was negligent in failing to keep open the drain holes in the car so as to let out the ice water. (Page 441.)

2. SAME—INTERSTATE COMMERCE—LIABILITY OF INITIAL CARRIER.—Under the Hepburn act of Congress, the initial carrier in an interstate shipment is liable to the shipper for all damages in transit. (Page 443.)

3. SAME—CONNECTING CARRIERS—LIABILITY.—At common law, in the absence of proof, there is a presumption, where freight is injured in transit that the last carrier caused the injury. (Page 443.)

Appeal from Garland Circuit Court; *W H. Evans*, Judge; reversed.

*S. W. Leslie*, for appellant.

1. That appellees are liable in a case of this kind is well settled, and, as between them, the presumption is that the damage to the goods was caused by the negligence of the last connect-

ing carrier. 73 Ark. 112; 72 Ark. 502; 82 Ark. 150. It was appellee's duty to furnish a car suitable for this class of goods, and it is not relieved of liability because of its contract with a refrigerator company to furnish a car properly iced. 82 Ark. 143.

2. When there is any evidence introduced in the trial of a case upon which the minds and judgment of men might differ, it is error to take the case from the jury.

*W. L. Hemingway, E. B. Kinsworthy* and *James H. Stevenson,* for appellees.

The case was correctly taken from the jury. It is apparent from the evidence that the goods were delivered primarily to the A. R. T. Company at St. Louis; that one of the appellants, who from experience was competent to judge whether they were properly packed for shipment, personally attended to the loading of the goods into the car; that thereafter the bill of lading was issued, and the car was promptly handled. It does not appear that the damage to the goods was due to any delay or other negligence on the part of appellees. The facts in this case are wholly dissimilar to those in the Renfroe case. 82 Ark. 143. See also 2 Hutchinson on Carriers, 3505; *Id.,* § 508; 101 N. W. 223; 72 S. W. 610.

McCULLOCH, C. J. Plaintiffs, Gibson & Draughn, instituted this action against the Little Rock & Hot Springs Western Railway Company and the St. Louis, Iron Mountain & Southern Railway Company to recover damages by reason of alleged negligence of said defendants in the transportation of a carload of perishable goods, consisting of oranges and other fruits and vegetables from St. Louis, Mo., to Hot Springs, Ark., over the two roads as connecting carriers. The goods were shipped in a refrigerator car, and negligence of the two defendant railroad companies is alleged in failing to properly ice the car or to care for it in other respects while in transit. The undisputed facts in the case are that the plaintiffs purchased the goods from a produce dealer in St. Louis, and the goods were loaded in a refrigerator car owned by the American Refrigerator & Transit Company, situated on the tracks of defendant St. Louis, Iron Mountain & Southern Railway Company, and that company issued to plaintiffs through bill of lading to Hot Springs. No other contract with reference to the transportation and care of the goods is shown in evidence except this bill of lading.

The car was transported by the Iron Mountain road over its line and delivered to the connecting carrier, its co-defendant, and by the latter transported to Hot Springs. On arrival there it was found that the holes in one of the bumpers of the car, used in draining the car of water from melted ice, had become clogged up by trash, so that the water would not run through, and on account of this obstacle the water had risen a considerable distance up on the sacks of produce in the car, and it appears that the motion of the car had jolted the water all over the produce, causing same to mold. The goods were badly damaged, and were sold at greatly reduced price. There is no evidence as to the quantity of ice in the car or its temperature, so the proof does not sustain the allegation that the car was not properly iced. The evidence was abundant, however, that the damage was caused by allowing the drain holes in the bumpers to become obstructed. Upon this state of the case, the court gave a peremptory instruction to the jury to return a verdict in favor of defendants, which was done, and the plaintiffs have appealed to this court.

The duty of a carrier of freight with respect to the transportation and handling of perishable goods was fully discussed by this court in the recent case of *St. Louis, I. M. & S. Ry. Co.* v. *Renfroe*, 82 Ark. 143, and the principles which control this case are there announced. After stating in general terms the duty of a carrier with respect to such goods, the opinion reads: "It is the contention of appellant that it discharged its duty to appellees when it furnished a refrigerator car, and that the duty of icing the car, under the evidence, devolved upon the American Refrigerator Transit Company, the owner of the car. The contention is unsound, as shown in *New York, Phil. & N. Ry. Co.* v. *Cromwell*, 49 L. R. A. 462. * * * It matters not in the case at bar that the refrigerator car belonged to the American Refrigerator Transit Company, an independent contractor. Appellees had no contract with it to furnish cars or to ice them when furnished. Their contract was with appellant to furnish suitable cars; and the evidence was ample to support the verdict, that appellant not only undertook to furnish the car, but also to ice the same."

In the present case, appellees rely upon an alleged distinction between the two cases in that the evidence in the present one shows that the goods were delivered to the refrigerator company. They rely upon the doctrine announced in some cases that while it is the duty of the carrier to furnish suitable facilities, yet, where the shipper selects his own vehicle for the shipment of perishable goods, and undertakes to see that the same is properly iced, the carrier has a right to assume that this is properly done. There is no question, however, in this case as to the selection of the vehicle or as to any negligence in the furnishing of suitable facilities. It is not contended that there was any defect in the car, nor does the proof show that plaintiffs entered into any contract with the refrigerator company with reference to icing the car and to caring therefor, or entered into any contract except that expressed in the bill of lading. The case of *New York, Phil. & N. Ry. Co.* v. *Cromwell,* 49 L. R. A. 462, which is a decision of the Virginia Supreme Court of Appeals, and is cited with approval by this court in the Renfroe case, is almost identical with the present one, so far as the question of the carrier's duty to see that the car was properly iced. There the shipper had loaded his fruits into a refrigerator car owned by the refrigerator company, situated on the tracks of the carrier, and the bill of lading was issued by the railway company. The court held that the railway company was liable for damages resulting from the failure to properly ice the car, and in the opinion it is said: "The undertaking of the plaintiff in error (railway company) was to properly care for and safely carry the fruit of the defendant in error, and it is immaterial that the cars in which it was carried were owned by the California Fruit Transportation Company, or that such company undertook to ice said cars or to pay for the ice. As between the plaintiff in error and defendant in error, the California Fruit Transportation Company and its employees were the agents of the plaintiff in error. So far as the defendant in error was concerned, the plaintiff in error was under the same obligations to care for the fruit that it would have had the refrigerator cars belonged to it."

We need not go further than the doctrine here announced to find that the railway company is liable under the proof adduced. While there is no evidence that there was a failure to properly

ice the car, as already stated, the evidence abundantly shows that there was negligence in failing to keep the drain holes open.

This was an interstate shipment, and falls within the provision of the act of Congress (Hepburn Amendment) making the initial carrier liable. *Kansas City So. Ry. Co.* v. *Carl,* 91 Ark. 97. The connecting carrier is also liable if the damage resulted from its negligence; and, in the absence of proof on the subject, there is a presumption that the last carrier caused the injury. *St. Louis, I. M. & S. Ry. Co.* v. *Coolidge,* 73 Ark. 114; *Kansas City S. Ry. Co.* v. *Embry,* 76 Ark. 589; *St. Louis, I. M. & S. Ry. Co.* v. *Renfroe, supra.*

The court erred in taking the case from the jury by peremptory instruction.

Reversed and remanded for new trial.