## SOUTHERN EXPRESS COMPANY *v.* MEYER.

### Opinion delivered February 14, 1910.

1. CARRIERS—LIMITATION OF LIABILITY.—Where a shipper had no opportunity to ship under any other than a contract of limited liability, he is entitled to recover for loss of the goods, regardless of the contract. (Page 106.)

2. SAME—LIMITATION. OF LIABILITY.—A contract for an interstate shipment of goods which stipulates that the carrier's liability shall be limited to loss occurring while in its possession is void as being in conflict with section 7 of the act of Congress of June 29, 1906, known as the Hepburn Act. (Page 106.)

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith,* Judge; affirmed.

## STATEMENT BY THE COURT.

The appellee delivered to appellant at Jonesboro, Arkansas, certain mink hides for transportation to New York. One lot was consigned to Joe Frak, and another lot to J. T. Silverstein. Appellee alleged that these were interstate shipments, and that appellant "then and there agreed to safely deliver said hides to their destination, which it failed and refused to do, to plaintiff's damage in the sum of two hundred dollars."

The complaint had two counts, which were the same except that different assignees were named. Appellant answered, admitting that it received a bale of furs of appellee for shipment. It set up that the furs were shipped under a written contract by which appellant's liability was limited to loss or damage while the furs were in appellant's possession; that appellant delivered the furs to its connecting carrier, and thereupon its liability ceased. Appellant further set up "that it was provided in the written contract of shipment that in no event should appellant be liable for loss or damage for more than fifty dollars, unless a just and true value of the furs was stated in the contract and an extra charge paid or agreed to be paid for transportation, which extra charge was to be based upon the value in excess of the sum of fifty dollars; that at the time of making the contract the value of the furs was not declared or made known to appellant; that it had no knowledge or information with reference thereto." "That it was an interstate carrier, and filed with the Interstate Commerce Commission a schedule of its rates for carriage and service with reference to interstate carriage; had properly published such rates, and that thereunder the rate for carrying goods increased in proportion as the value of the shipment exceeded fifty dollars; that by the terms of the written agreement appellant was not liable for a sum in excess of fifty dollars; that to permit appellee to fix or prove value of the furs at a sum in excess of fifty dollars would make the rates and charges for transportation illegal and discriminatory and in violation of the Interstate Commerce laws of the United States."

There was evidence to sustain the allegations of the complaint, and also evidence on behalf of appellant to sustain the allegations of its answer as to the written contract of shipment.

But there was no evidence showing what appellant charged appellee for the shipments in suit. There was no evidence to the effect that appellant had an unlimited liability rate, and that it gave appellee the privilege of shipping by that rate. So far as the evidence abstracted in this record shows, appellee had no opportunity to ship under any other. At the request of appellee, the court gave the following declarations of law:

"1. A shipper who delivers freight to a common carrier of the value of more than fifty dollars, and, without any agreement or knowledge as to the rate of freight to be charged for transportation, accepts, without reading or having his attention called to the contents, a receipt limiting the liability of the carrier to fifty dollars, in event of loss or damage to the shipment, is not bound by the clause limiting the amount of recovery.

"2. The court declares the law to be that where a shipper delivers to a carrier freight to be transported from a point in one State to a point in another State, the carrier has no legal right to deliver to the shipper a bill of lading or receipt limiting its liability for loss or damage to such property to any certain sum, and, if it does so, such limitation is not binding upon the shipper.

"3. The Interstate Commerce Act, sec. 20, provides: That all carriers shall be liable for any loss or damage to property caused by it or any common carrier to which it may deliver property, and that no receipt or rule shall exempt it from such liability."

To which exceptions were properly saved.

The appellant prayed findings of fact and declarations of law in harmony with the allegations of its answer and the evidence it adduced. The court refused its prayers, and it duly excepted.

From a judgment rendered in favor of appellee for four hundred dollars and interest, this appeal has been duly prosecuted.

*Robert C. Alston,* for appellant.

1. If a recovery can be had at all, it must be upon contract and not in tort. There is no proof of negligence. Having elected to sue upon contract, it is bound by its election. 76 Ark. 333; 70 *Id.* 319; 67 *Id.* 1; 49 *Id.* 94; 64 *Id.* 213; 63 S. E. 809.

2. The contract being void under the Federal law, no recovery can be had. The receipt was a contract, although not signed by the shipper. 112 U. S. 331; 114 S. W. 1052. Appellee is estopped to claim more than is authorized by the classification to which he assented. 114 S. W. 1052; 162 Fed. 585; 63 S. E. 809.

3. When both parties violate the law · in making a contract, neither can recover. 162 Fed. 996.

4. The doctrine announced in 89 Ark. 154 and 121 S. W. 932 is not sound, and cannot be sustained.

*Hawthorne & Hawthorne,* for appellee.

1. A contract for an interstate shipment over connecting lines to the effect that the initial carrier shall not be liable after delivery to a connecting carrier is void. Interstate Com. Act, § 20; 89 Ark. 154; 91 Ark. 97; 121 S. W. 932.

2. No opportunity was given the shipper for shipment on any other terms than those in the contract. 81 Ark. 469. He was not bound by the recitals of limited liability.

WOOD, J., (after stating the facts). As appellee, under the evidence, had no opportunity to ship under any other than a contract of limited liability, he was entitled to recover, under the decision of this court in *St. Louis & S. F. Rd. Co.* v. *Wells,* 81 Ark. 469.

As the contract under which these shipments were made limited the liability of appellant to loss occurring while in its possession, and limited the damages to the amount stated in the contract, it was void in these particulars, and appellee was also entitled to recover under the doctrine of this court announced in *St. Louis S. W. Ry. Co.* v. *Grayson,* 89 Ark. 154; *Kansas City S. Ry. Co.* v. *Carl,* 91 Ark. 97, and *Smeltzer* v. *St. Louis & S. F. Rd. Co.,* 158 Fed. Rep. 649. See also *Chicago, R. I. & P. Ry. Co.* v. *Miles,* 92 Ark. 573.

Affirmed.