## OKLAHOMA, N. M. & P. RY. CO. v. H. M. S. DRILLING CO.

No. 13441—Opinion Filed Sept. 16, 1924.

### 1. Carriers—Suitable Cars for Shipment—Duty of Selection.

The carrier being advised of the conditions in which a shipment will travel over its lines and connecting carriers, and all its dangers of loss by theft or otherwise, and the officers and agents being in a better position to so judge of these conditions by experience than the shipper or consignee the burden rests upon the carrier to select a car suitable for the transportation of the shipment. The duty to select a car suitable for the transportation of a shipment is with the carrier, and generally a duty does not attach to the shipper to inspect or select a particular class of car for a shipment of freight. If there be default in this respect, it is the negligence of the carrier.

### 2. Same — Connecting Carriers — Failure to Deliver—Presumption of Loss on Terminal Line.

If a shipment of freight in reaching its destination moves over one or more connecting lines of railway in reaching its destination, if the delivering carrier fails to deliver the shipment in whole or in part to the consignee on demand, it will be presumed that the loss occurred on the terminal line.

### 3. Same—Presumption of Loss During Status as Carrier.

The liability of common carrier having come into existence in relation to a shipment, if the shipment be lost, in whole or in part, it will be presumed that the loss occurred while the status of common carrier existed.

### 4. Same — Burden to Disprove Carrier Status—Warehousemen.

If the loss did not occur during the status of common carrier, the burden is on the carrier to show the change in relation to the shipment. Demand by the consignee and failure to deliver the shipment in whole or in part will render the railroad liable as a common carrier, unless it can show that the loss occurred while it was acting as warehouseman.

### 5. Same—Burden on Terminal Carrier.

If the loss occurred at the terminal after its arrival, the burden is on the terminal carrier to so show. This relation rests upon the principle that if a burden must be borne between or among two or more parties, it must be cast upon the shoulders of him who has the better means and facilities for discharging the obligation.

### 6. Same—Action for Loss Against Connecting Carriers—Petition—Effect.

The joining of the initial, intermediate, and delivering carriers by a petition alleging delivery to the first carrier and failure of the terminal carrier to deliver a portion of the shipment, constitutes the statement of a cause of action against the latter carrier only.

### 7. Same—Failure to Receive Shipment as Defenses.

The delivering carrier could successfully defend the action against it by showing that it did not receive the shipment from the intermediate carrier, and in turn the latter could show failure to receive the shipment from the initial carrier for its complete defense. If this defense existed in favor of the plaintiff in error, the burden was on it to so show.

### 8. Same—Proper Parties Defendant.

The initial and intermediate carriers were proper parties defendant, only in the event the plaintiff in error should defend on the ground that it did not receive the shipment from the intermediate carrier.

### 9. Same—Unnecessary Parties.

The question of receiving the shipment from the Santa Fe, or intermediate carrier, was first a question between plaintiff in error and the former, and the failure of the plaintiff in error to make this defense rendered the Rock Island and Santa Fe unnecessary parties to the action.

### 10. Same—Dismissal of Codefendants.

As the plaintiff in error did not make the defense of not receiving the shipment from the intermediate carrier, the action of the court in sustaining demurrers to the evidence filed by the Rock Island and Santa Fe, and dismissing the carriers from the action, was without error.

**11. Same—Effect as Adjudication.**

As the plaintiff in error failed to make the defense that it did not receive the shipment from the intermediate carrier, the judgment of the court sustaining the demurrers of the carriers to the evidence, and dismissing them from the action, became final and constituted an adjudication in favor of the Santa Fe and against the plaintiff in error that the latter received the shipment.

**12. Judgment—Conclusiveness on Issues.**

The adjudication of an issue between the parties, and a judgment upon a defense which included a certain issue, or in which the issue could have been tendered, concludes the party in retendering or tendering the issue as a defense to plaintiff's action in subsequent trials, if the adjudication has become final.

**13. Appeal and Error—Abstract Questions—Parties on Appeal.**

On the record, it was for the plaintiff in error only to question the dismissal of the two carriers from the action, and not for the plaintiff. As the plaintiff in error did not question the dismissal, or attempt to make the carriers parties here, the motion of the plaintiff to dismiss the appeal for failure of the plaintiff in error to appeal from the action of the court in sustaining the demurrers and dismissing the two carriers, presents merely abstract questions of law, and is overruled on this ground.

**14. Same—Effect of Notice of Appeal.**

By the provisions of section 782, Comp. Stats. 1921, the giving of notice of intention to appeal in the trial court automatically makes all parties of record in the lower court adverse parties to the proceeding in error filed here. The failure to name a party in the petition in error does not effect the appeal here as to such party.

**15. Carriers—Liability of Terminal Carrier of Goods—Jury Questions — Erroneous Instruction.**

Record examined; held, the evidence was sufficient to create an issue of fact for submission to the jury as to whether the liability of the plaintiff in error, if any, was as common carrier or warehouseman, further held, that the action of the court in instructing the jury that the plaintiff in error was liable constitutes reversible error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by H. M. S Drilling Company, against the Chicago, Rock Island & Pacific Railway Company, the Gulf, Colorado & Santa Fe Railway Company, and the Oklahoma, New Mexico & Pacific Railway Company, for damages account of loss of a portion of an oil well drilling outfit in transit. Judgment for plaintiff and against the Oklahoma, New Mexico & Pacific Railway Company. Judgment for Chicago, Rock Island & Pacific Railway Company, and Gulf, Colorado & Santa Fe Railway Company, on demurrer to the evidence. Oklahoma, New Mexico & Pacific Railway Company brings error to this court against the plaintiff. Reversed and remanded.

Silas S. Egly and Adams & Orr, for plaintiff in error.

Sigler & Jackson, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff alleged that it caused to be delivered to the Chicago, Rock Island & Pacific Railway Company, at Walters, Okla., a shipment of oil well supplies for transportation to Cement, Okla. The plaintiff alleges that the shipment, through error, was billed and transported over the Chicago, Rock Island & Pacific Railway, Santa Fe, and on plaintiff in error's line of railway to Wilson, Okla. It appears that the shipment reached Wilson, Okla., about July 2nd, and soon thereafter the plaintiff in error by written notice addressed to the defendant in error at Wilson, Okla., notified it of the arrival of the shipment. The defendant in error alleges that it did not ascertain that shipment had arrived at Wilson until near August 12th, at which time the shipment was unloaded and a portion thereof was short. The shipment consisted of numerous items of varying sizes and weights loaded in a coal car. The carriers filed their general denial in the cause, and in addition thereto plaintiff in error alleged that the defendant in error was guilty of contributory negligence in relation to the loss by reason of loading shipment into an open top coal car. In the trial of the cause the court, on a demurrer to the evidence, entered judgment in favor of the Santa Fe and Chicago, Rock Island & Pacific Railway Company. On motion of the plaintiff, the court instructed the jury to return a verdict for the plaintiff and against the defendant, Oklahoma, New Mexico & Pacific Railway Company. The latter defendant gave the statutory notice of appeal and made and served case-made on the plaintiff, but did not serve the same on the other two carriers. The plaintiff in error named only the plaintiff as defendant in error in the proceeding for perfecting the appeal. Among the several proceedings had in the trial court and assigned as error for reversal of the judgment, are: (1) Failure of the court to sustain demurrer to the evi-

dence of the plaintiff; (2) failure to instruct the jury to return a verdict in favor of the plaintiff in error; (3) the action of the court in sustaining motion of the plaintiff for a directed verdict on the question of liability against the plaintiff in error; (4) refusal of the court to instruct on the question of contributory negligence against plaintiff, based on the plaintiff's acceptance and loading of the shipment in an open top coal car. The plaintiff has filed motion to dismiss the appeal for failure of the plaintiff in error to name the Rock Island and Santa Fe railways as defendants in error in the petition in error, and for failure to serve case-made on the two carriers. The plaintiff evidently assumes the two carriers are necessary or proper parties to the appeal, and that the plaintiff in error has failed to perfect his appeal as to the two carriers. Consideration of the cause on its merits will facilitate disposition of the motion to dismiss the appeal.

Going first to the claim of contributory negligence of the plaintiff in accepting an open top coal car for loading the shipment of well supplies, the receiving carrier by experience and observation is familiar with the conditions under which a certain shipment must move over its line of railway and connecting carriers to its destination. It is reasonably advised of the dangers of loss to which the shipment is exposed by varying causes. The carrier is in a better position to judge the manner and method best suited for the transportation of the shipment than the consignor or consignee. Therefore, the carrier having undertaken and accepted responsibility for the safe carriage and delivery of the freight, is responsible for the selection of the kind and class of car in which to load and transport the freight. Ordinarily no duty rests upon the shipper to inspect the car tendered for loading the freight, or in the matter of the selection of the kind or class of car for use in the transportation of the shipment. If the freight be loaded into and transported in a car unsuited for the service, it is the responsibility and liability of the carrier. C., C. & St. L. Ry. Co. v. Louisville Tin and Stove Co., 33 Ky. L. Rep. 924, 111 S. W. 358, 17 L. R. A. (N. S.) 1034; Blatcher v. P. B. & W. R. Co. 31 App. Cas. (D. C.) 385, 16 L. R. A. (N. S.) 991; Peters v. N. O. J. & G. N. R. Co., 16 La. Ann. 222, 79 Am. Dec. 578. The court did not commit error in refusing to submit the question of contributory negligence to the jury based on the duty of the plaintiff to inspect and select a car for the transportation of this shipment.

The validity of the court's action in instructing the jury to return a verdict for the plaintiff and against the terminal carrier is made to depend on whether the loss occurred on the line of the terminal carrier and whether the loss occurred during the obligation of the delivering line as a common carrier or warehouseman. If a shipment be delivered to a carrier for transportation over its line of railway and connecting carriers to destination, and the terminal carrier fails to deliver a part of the shipment on demand of the consignee, the presumption is that the loss occurred on the line of the terminal carrier. If the loss did not occur on its line of railway the burden of proof is upon the carrier to show that the loss occurred on the line of a connecting carrier. In the absence of proof by the terminal carrier that the loss did not occur on its line of railway, by proof of its failure to deliver a portion of the shipment it will be presumed that the loss occurred on the line of the terminal carrier, and it will be held liable in damages to the plaintiff for such loss. K. C. S. Ry. Co. v. Carl, 91 Ark. 97, 121 S. W. 932, 134 Am. St. Rep. 56, 227 U. S. 639, 33 Sup. Ct. 391, 57 U. S. (L. Ed.) 683; Farrison v. A. & V. Ry. Co., 69 Miss. 569. 13 South. 37, 30 Am. St. Rep. 577; Laughlin v. G. N. W. Ry., 28 Wis. 204, 9 Am. Rep. 438. The placing of such burden upon the terminal carrier rests upon the principle that if a burden must be born between or among two or more parties it must be cast upon the shoulders of him who has the better means and facilities for discharging the burden. The carrier has the complete possession of the shipment and means for checking its receipt from the intermediate carrier, and for checking all items of the shipment when it reaches its destination on the line of the terminal carrier. The shipper or consignee is without the means or opportunity to show where and when the loss occurred. The carrier has contracted to safely transport and deliver the shipment to the consignee. Therefore, as between the consignee and carrier, a sense of fairness between the parties would direct the placing of the burden on the terminal carrier to show when and where the loss or damage occurred. If the loss did not occur on the line of the terminal carrier, the burden is on such carrier to show that the shipment did not reach its line of railway. The plaintiff in error failed to offer any testimony showing that the loss occurred on the line of the initial or intermediate carrier, and it was not error to sustain

their demurrers to the evidence and render judgment in their favor.

The plaintiff merely proved the demand for delivery and the failure of the terminal carrier to deliver a portion of the shipment. After the relationship of common carrier has come into existence in relation to a shipment, which is lost in part, such status of common carrier will be presumed to have existed at the time of the loss. Proof by the plaintiff of the failure to deliver a portion of the shipment will cast the burden on the terminal carrier to show that the shipment reached its destination and so continued intact until the status of warehousman came into existence The placing of such burden on the terminal carrier is sound for the reason that such carrier has the means to ascertain and know of the safe arrival of the shipment and its safe preservation during the carrier's common law liability. The means are more fully with the carrier to make this showing than the consignee; in fact, the consignee is without any reasonable opportunity or means to show that the loss occurred with the railway during the time of its liability as a common carrier. P. & P. U. Ry. Co. v. U. S. Rolling Stock Company, 136 Ill. 643, 28 N. E. 59, 29 Am. St. Rep. 328; 4 R. C. L. page 925, section 382. If the loss occurred after the terminal carrier became a warehouseman, the burden was on the plaintiff to show that the injury resulted from the negligence of the plaintiff in error. Stone v. Case, 34 Okla. 5, 124 Pac. 960. The evidence in this case was sufficient to create an issue of fact for submission to the jury on the question as to whether the loss occurred during the plaintiff in error's status as common carrier or warehouseman. The plaintiff relied merely on proof of the failure of the plaintiff in error to make delivery, as constituting a cause of action against the latter. The plaintiff did not rely on any further acts of the terminal carrier as constituting negligence in the loss. As the evidence was sufficient to create an issue of fact as to whether the plaintiff in error was a warehouseman at the time the loss occurred, this question should have been submitted to the jury. The jury should have been instructed, that if it found the issue in favor of the plaintiff in error, the burden was on the plaintiff to prove by a preponderance of the testimony, that the loss resulted from negligence on the part of the terminal carrier. There was no proof of negligence in this respect. If the jury had found that the loss occurred during the relationship of common carrier, the evidence would have been sufficient to support the verdict. The court committed error in failing to submit this issue of fact to the jury with proper instructions.

We will now consider the motion to dismiss the appeal, alleging the failure of the plaintiff in error to name the carriers as defendants in error in the appeal proceedings, and failure to serve case-made on the two defendants. The failure to name the two carriers as parties in the petition in error does not affect the appeal. The giving of notice of intention to appeal as provided by section 782, Comp. Stats. 1921, automatically makes all parties of record in the lower court adverse parties to the proceedings in error, upon filing the same in this court. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. If the carriers were neither necessary nor proper parties to the appeal, it will not be necessary to pass on the merits of the motion. The Rock Island was the receiving line, the Santa Fe the intermediate carrier, and the plaintiff in error was the delivering line. The plaintiff merely alleged the delivery of the freight to the Rock Island and the failure of the plaintiff in error to deliver a part of the shipment at destination. The petition stated a cause of action against the delivering line only. The Rock Island and Santa Fe were not necessary parties, but were proper parties in the beginning of the action, as the delivering line could successfully defend against the action by showing that it did not receive the portion of the shipment in question from the Santa Fe; and a like defense was available to the latter carrier as against the Rock Island. So, in the commencement of the action the two carriers were proper parties, and if the delivering line had defended on the ground that it did not receive the shipment, they would then have become necessary parties. If the delivering line did not make this defense, they became unnecessary parties, and their further presence in the case could serve no useful purpose in the litigation. As the delivering line did not defend on the ground that it did not receive the shipment from the intermediate carrier, the action of the court in sustaining the demurrers to the evidence, filed by the Rock Island and Santa Fe, at the close of taking the testimony, and dismissing the two carriers from the action was a proper proceeding. The failure of the plaintiff in error to serve case-made on the two carriers, and to name them as parties in the petition in error, evidences the purpose of the former to treat the judgment on the demurrer to the evidence and the dismissal, as a final judgment. As the plaintiff merely stated a cause of action against the delivering line,

the burden was on the latter to make the defense that it did not receive the shipment from the intermediate line. If the delivering line did not care to make this defense and elected to consider the loss, if any, as occurring on its line, and liability, if any, as being its responsibility, these were matters of no concern to the plaintiff. The motion to dismiss the appeal places the plaintiff in the attitude of complaining because the delivering line did not make the defense of not receiving the shipment from the intermediate carrier. The motion presents merely abstract questions of law, and is overruled on this ground. The defense that the delivering line did not receive the shipment was within the scope of the defense available to the latter. The failure to make the proof, sustaining of the demurrers and dismissal of the two carriers from the cause, was, in effect, an adjudication that the loss, if any, occurred on the line of the plaintiff in error, and that the liability, if any, was that of the plaintiff in error. The matter of the plaintiff in error having received the shipment from the Santa Fe was first a question between the delivering line and the Santa Fe. The sustaining of the demurrer to the evidence in favor of the latter, and dismissing it from the action, was an adjudication in favor of the Santa Fe and against the plaintiff in error, that the latter received the shipment, and that the liability, if any, is that of the plaintiff in error. The judgment having become final, is binding on the plaintiff in error in any subsequent trial of this action. Corrugated Culvert Company v. Simpson Twp., 51 Okla. 178, 151 Pac. 854; McIntosh v. Holtgrave, 79 Okla. 739, 191 Pac. 739.

It is recommended that this cause be reversed and remanded for a new trial in accordance with the views herein expressed.

By the Court: It is so ordered.