### HIGGINS v. DURANT et al.

No. 16229—Opinion Filed Feb. 2, 1926.

**1. Judgment—Scope of Estoppel by Judgment.**

A judgment is conclusive by way of estoppel only as to those facts which were necessarily in issue and without proof of which the judgment could not have been rendered.

**2. Election of Remedies—Prerequisites—Knowledge of Facts—Existence of Inconsistent Remedies.**

Election of remedies is a species of estoppel in pais to the operation of which knowledge of all the material facts affecting the remedy is essential, but in addition to a knowledge of the material facts, there must be in fact and in law two inconsistent remedies, the pursuit of either of which would accomplish the same legal result. Unless both of these essential prerequisites exist, there can be no irrevocable election. Invader Oil Corp. v. Commerce Trust Co., 111 Okla. 85, 238 Pac. 441.

**3. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by E. M. Durant and Alice Durant against Andy Higgins. Judgment for plaintiffs, and defendant appeals. Affirmed.

Logan Stephenson, Ethel M. Profitt, and Harry Stephenson, for plaintiff in error.

John L. Maynard and Phillips, Douglas & Duling, for defendants in error.

Opinion by PINKHAM, C. This is an action brought by the defendants in error, E. M. Durant and Alice Durant, plaintiffs in the trial court, against the plaintiff in error, Andy Higgins, as defendant, in the district court of Okfuskee county on the 29th and 30th days of September, 1924, for the purpose of recovering the sum of $2,100 as the price and value of certain real estate. The parties will be referred to as they appeared in the trial court.

The cause was tried upon plaintiffs' amended petition, which petition alleges that the defendant is justly indebted to them in the sum of $2,100, with interest thereon at the rate of 6 per cent. per annum from the 15th day of November, 1921, for the price and value of certain real estate described therein, which land, it is alleged, the defendant claims by virtue of a certain deed which defendant caused to be executed November 15, 1921, conveying said premises from the plaintiffs to the defendant, and alleging that in fact said premises were of the reasonable value of $2,100, for which sum the plaintiffs prayed judgment. As a defense to this petition the defendant filed his amended answer in which he denies all of the allegations contained in plaintiffs' petition, and as a further defense alleges that in a former suit between the same parties in the district court of McIntosh county, concerning the same subject-matter, a judgment was rendered in favor of the defendant, and therefore the subject-matter in the present suit having been adjudicated in the said suit in McIntosh county, the plaintiffs have no cause of action against the defendant and res adjudicata would apply. To this amended answer of the defendant below the plaintiffs filed their reply, admitting the rendition of the judgment pleaded by the defendant, but denying that it constituted any bar to their recovery in the instant case. Upon the issues thus joined the defendant moved for judgment on the pleadings. The motion was overruled and the cause was tried to a jury, and resulted in a verdict for plaintiffs in the sum of $2,100, with interest thereon in the sum of $363.25. Motion for new trial was overruled, exceptions reserved, and the cause comes regularly on appeal by the defendant to this court for review.

For reversal of the judgment the sole ground relied upon is, that the judgment of the district court of McIntosh county was a complete bar to plaintiffs' recovery in this action. Counsel for defendant in their brief cite numerous decisions of this court, where the well-established rule is announced to the effect that a final judgment of a court of competent jurisdiction is conclusive between the parties in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to the issues which could or might have been litigated and determined therein. Fooshee v. Craig, 110 Okla. 189, 237 Pac. 78; Corrugated Culvert Co. v. Simpson Tp., McIntosh County, 51 Okla. 178, 151 Pac. 854; Chrisholm v. Blanton, 104 Okla. 146, 230 Pac. 683; Oklahoma, N. M. & P. Ry. Co. v. H. M. & S. Drilling Co., 100 Okla. 260, 229 Pac. 420; Dill v. Flesher, 73 Okla. 185, 175 Pac. 359. These cases are cited in support of the proposition that the subject-matter of the instant case was before the court in the former suit and there determined adversely to the contention of the plaintiffs, and that therefore the judgment rendered

in the former action between the same parties is a bar to the present suit.

An examination of the petition of the plaintiffs in the McIntosh county case, and of the answer of the defendant, discloses that the only issue in the former case was whether the deed under which defendant claimed certain land was a forgery. The plaintiffs in that case alleged that the land belonged to them; that they inherited it from their deceased son; that de.endant claimed it under a deed purporting to be their deed, but that said deed was not theirs, but was a "rank and criminal forgery." The defendant answered by general denial, then admitted that the plaintiffs had inherited the land from their son, and that he claimed title under the deed which plaintiffs alleged was forged, and concluded his allegations in relation thereto as follows:

"This defendant specifically denies that said deed was a rank and criminal forgery, * * * and alleges and states the fact to be that said deed was duly executed and delivered by the plaintiffs to. this defendant for a good and valuable consideration, and that said deed conveyed to this defendant all the right, title, interest and estate of the plaintiffs in and to the lands in controversy."

The language, "for a good and valuable consideration," contained in defendant's answer in the former case was simply an allegation by way of inducement to the further allegation as to the validity of the deed and a denial of its forgery. It thus appears that the only issue in the former suit was whether the plaintiffs executed the deed under which defendant claimed the land in question or whether that deed was a forgery. The question of payment was not an issue in the former case, and no adjudication was made on that question. In the instant case the sole issue is the question of payment. It is true that the judgment in the former case is binding, and that the plaintiffs therein are thereby precluded from setting up in the case at bar any claim of title to that land, whose title was, in the former case, quieted in the defendant. In other words, the instant case is not upon the same cause of action as the former case, which was upon the wrong involved in a forgery and was to quiet title; while the present case is upon the refusal to pay the purchase price named in the deed, and the remedy sought is the recovery of the consideration named in the deed.

In the case of Assessment of First Na-

tional Bank of Chickasha, 93 Okla. 233, 220 Pac. 909, the court held that:

"A judgment is conclusive by way of estoppel only as to those facts which were necessarily within the issues and without proof of which the judgment could not have been rendered."

The defendant in his brief sets out certain testimony given on the trial of the instant case, to show that in the trial of the former case certain testimony was given in relation to payment of the sum sued for in the present action. That is true, but it does not follow that a judgment rendered in the former case, in which payment was not an issue and in which judgment no reference or finding is made in relation to payment can be successfully pleaded in bar of recovery in the instant case.

In the case of Ford v. Ford's Adm'r, 68 Ala. 141, the court said:

"It is too well settled to require the citation of authority, that the conclusiveness of a judgment extends only to the question directly in issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon. The doctrine was clearly stated in the Duchess of Kingston's Case, 2 Smith's Leading Cases, 609; that 'neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment.'" Van Fleet's Former Adjudications, vol. 1, sec. 1.

The trial court instructed the jury that it was agreed by the parties to this action that the execution and delivery of the instrument in evidence, purporting on its face to be a warranty deed from the plaintiffs to the defendant for a recited consideration of $2,100 and conveying the lands involved to the defendant, is not an issue in the case; that the sole issue necessary to be determined in this case is whether or not the consideration therein recited has been paid by the defendant to the plaintiffs. No exception was taken to this instruction. On this issue there was a sharp conflict in the evidence. The evidence on the part of plaintiffs was that the consideration named. in the deed and no part thereof was ever paid to them or either of them. The evidence on the part of the defendant was that the entire consideration had been paid the plaintiffs. This question of fact was properly submitted to the jury under the instructions of the court for its determination.

In a civil action triable to the jury where there is competent evidence reasonably tend-

ing to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. Town of Watonga v. Morrison, Adm'r, 78 Okla. 74, 189 Pac. 737.

So far as the proposition presented by counsel for defendant in their brief, to the effect that the plaintiffs are barred from recovering in this action by the doctrine of election of remedies, is concerned, we think it sufficient to say that the plaintiffs having brought an action to cancel a deed and quiet their title upon the one ground that the said deed was not their deed, and that their names had been forged thereto, and that judgment was rendered adversely to the plaintiffs' contention, and they thereafter instituted an action to recover the purchase price recited in the deed, the substantive right involved in the first action is distinct and different from the substantive right involved in the second action, and the institution and prosecution of the first action does not constitute an election of remedies so as to create an estoppel against plaintiffs' right of recovery in the second action.

In the case of Invader Oil Corp. v. Commerce Trust Co., 111 Okla. 85, 238 Pac. 441, it is held in the first paragraph of the syllabus that:

"Election of remedies is a species of estoppel in pais to the operation of which knowledge of all the material facts affecting the remedy is essential, but in addition to a knowledge of the material facts, there must be in fact and in law two inconsistent remedies, the pursuit of either of which would accomplish the same legal result. Unless both of these essential prerequisites exist, there can be no irrevocable election."

We conclude, from an examination of the entire record, that no errors of law occurred during the progress of the trial, that the judgment of the trial court is amply sustained by the evidence, and that the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 929 § 1333. (2) 20 C. J. p. 4 § 2; 27 § 18; p. 35 § 28. (3) 4 C. J. p. 853 § 2834.