THOMAS *v*. LITTLEFIELD.

An affidavit made in the Circuit Court to procure an order authorizing an appeal from the judgment of a justice, after the expiration of 30 days, must show that the party was prevented from taking the appeal in time by unavoidable circumstances, or improper conduct of the justice, or of the appellee.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—This was a motion made by *Thomas* in the Circuit Court, at the *September* term, 1845, for an order authorizing an appeal from the judgment of a justice of the peace, more than thirty days having elapsed since the rendition of the judgment. The motion was founded on the following affidavit:

"*Edmund Littlefield* v. *John S. Thomas.* Judgment before *Noah I. Hill*, J. P. *John S. Thomas* maketh oath and saith, that judgment was obtained against him in favor of said *Littlefield* for 71 dollars and 56 cents, on the 17th of *August,* 1845, before said justice; that he filed an appeal-bond within five days after, before the justice; and that the justice told him the security ought to be pretty good, and, after reflecting a little while, that the papers would be brought to this Court. This affiant further says, that he supposed the said cause was regularly appealed, and was surprised to learn, *a few days after*, that an execution was issued upon said judgment; and that this affiant has merits in said appeal.

"*John S. Thomas.*"

The Court granted the motion, on an appeal-bond being given, &c.

An appeal-bond having been afterwards given, the justice, on the 7th of *October*, 1845, filed, in the clerk's office, a transcript of the judgment, &c., in pursuance of the order of the Circuit Court.

At the *March* term, 1846, the Court, on *Littlefield's* motion, dismissed the appeal.

It appears by the record and the briefs of the counsel, that the appeal was dismissed on the ground that the

May Term, 1849.

THOMAS
v.
LITTLEFIELD.

affidavit, on which the order authorizing the appeal was made, was insufficient.

The statute on the subject enacts, that the Circuit Court may, on motion and affidavit, authorize the taking of an appeal, &c., after the expiration of thirty days from the rendition of the judgment, if it shall appear, &c., that the party wishing the appeal was prevented from taking the same, within said thirty days, by unavoidable circumstances, or by the improper conduct of the justice rendering the judgment, or having the same in his possession, or of the appellee, and that he has merits in such appeal. R. S. 1843, p. 892.

We do not consider the affidavit sufficient, under the statute, to authorize the order for the appeal. The affidavit does not expressly state that the justice informed the deponent that the bond was approved. It states circumstances, to be sure, from which the defendant might have inferred, that the appeal was allowed. But it was for him to ascertain, with certainty, whether that was the case. The affidavit states that, *within five days* after the judgment, the defendant delivered the bond to the justice, and was surprised to learn, *a few days after*, that an execution was issued on the judgment. There may have been, for aught shown by the affidavit, more than twenty days between the time when the defendant was apprised of the disallowance of the appeal, and the expiration of the thirty days given by law for taking such appeals. There was ample time, therefore, for the defendant to perfect his appeal.

It does not appear by the affidavit that the defendant was prevented from taking the appeal in time by unavoidable circumstances, or from the improper conduct of the justice or of the appellee; and the case is not, therefore, within the statute.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Howe*, for the plaintiff.

*W. H. Combs*, for the defendant.