## MOSES W. LEAR v. RHEESE BUDD.

If a party, desiring to appeal from a judgment rendered in a court for the trial of small causes, neglects to demand an appeal on or before the first day of the term of the Common Pleas next after the rendition of the judgment, his right of appeal expires.

---

On rule.

Argued at February Term, 1894, before Justices Dixon and Abbett.

For the plaintiff, *Harry C. Fluck.*

For the defendant, *Richard S. Kuhl.*

The opinion of the court was delivered by

Dixon, J. On October 9th, 1893, the plaintiff recovered a judgment against the defendant in a court for the trial of small causes in Hunterdon county, which judgment was dock-·eted on October 22d, 1893, in the Hunterdon Common Pleas, and on October 24th, 1893, in this court. On October 27th, 1893, execution was issued out of this court, which was re-turned at the November Term unsatisfied, and on December 15th, 1893, an *alias* execution was issued, returnable at the present term.

Application is now made to stay the further execution of this writ, in order that the defendant may demand from the trial court an appeal to the Hunterdon Common Pleas, and it is resisted on the ground that the time for taking such an appeal has ended.

The Justice's Court act, upon which the right of appeal rests, contemplates that the appeal is to be taken on or before the first day of the term of the Common Pleas next after the rendition of the judgment. This appears by sections 79, 82 and 83 of the act as interpreted by our decisions. *State v. Judges of Common Pleas,* 2 *Penn.* *738, *note* 2; *Stevens v. Scudder,* 2 *South.* *503; *Miller v. Martin,* 3 *Halst.* 201; *Dyer .v. Ludlum,* 1 *Harr.* 531; *Wilcox v. Smith,* 17 *Vroom* 342. In *Lacy v. Cox,* 3 *Gr.* 469, the rule was relaxed to this extent, that where the party had in due time endeavored to demand an appeal, but had been prevented by the absence of the justice, the Court of Common Pleas might, on seasonable application, extend the time for bringing in and perfecting the appeal.

In the case before us there was nothing to hinder the defendant in making due demand of his appeal on or before December 12th, 1893, when the term of the Hunterdon Common Pleas opened, except the *laches* of himself or his attorney. A negligent failure to comply with the requirements of the statute cannot be deemed legally tantamount to actual compliance.

We think that, on December 13th last, the defendant's right of appeal had expired, and therefore the execution of the judgment should not be stayed.

The rule to show cause must be discharged, with costs.