WEST JERSEY AND SEASHORE RAILROAD COMPANY, PROSECUTOR, v. SOLOMON S. MILLER ET AL.

Submitted November 14, 1900—Decided February 25, 1901.

Where a party through its own neglect fails to file an appeal bond on or before the first day of the term of the Common Pleas next after the judgment is rendered, the Court of Common Pleas should not, upon the second day of the term, permit the appeal to be perfected and placed upon the list of causes for trial at that same term.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Joseph H. Gaskill.*

For the defendants, *James S. Ware.*

The opinion of the court was delivered by

GARRETSON, J. The *certiorari* brings up an order of the Cumberland Common Pleas dismissing a rule to show cause why an appeal by the prosecutor from a judgment obtained against it by the defendants before a justice of the peace should not be perfected and put upon the list for trial at the October Term, 1899, of the Common Pleas.

The judgment was obtained before the justice June 17th, 1899. The first day of the October Term was October 3d, 1899. This rule to show cause was applied for October 4th.

On June 17th, 1899, an agent of the defendant notified the justice that an appeal was demanded; this agent tele-graped the attorney of the defendant and another agent that he had given notice of appeal, and that agent telegraphed the first-named agent to call upon the justice, take an appeal and get the papers; that agent called upon the justice, de-manded an appeal and asked for the papers (being exhibits),

but tendered no appeal bond; the exhibits were subsequently received by this agent and sent to the prosecutor's attorney. No appeal bond was ever tendered to the justice, and nothing further was done until application made for the rule to show cause.

The method of taking and perfecting an appeal is found in *Gen. Stat., pp.* 1880, 1891, §§ 80, 83, 138, and the statute is interpreted in *Stevens* v. *Scudder,* 2 *South.* 503; *Miller* v. *Martin,* 3 *Halst.* 201; *Dyer* v. *Ludlum,* 1 *Harr.* 531; *Wilcox* v. *Smith,* 17 *Vroom* 342; *Lear* v. *Budd,* 27 *Id.* 457.

The filing of an appeal bond is a necessary part of the proceeding to perfect an appeal, and it must be filed on or before the first day of the term next after the judgment is rendered.

In *Stevens* v. *Scudder,* 2 *South.* 503, it was held that the justice may not grant, nor the Common Pleas receive, appeal unless the bond be legally executed before the first term after judgment.

In *Lear* v. *Budd,* 27 *Vroom* 457, Mr. Justice Dixon says: "The Justice's Court act, upon which the right of appeal rests, contemplates that the appeal is to be taken on or before the first day of the term of the Common Pleas next after the rendition of the judgment, and also that a negligent failure to comply with the requirements of the statute cannot be legally tantamount to actual compliance."

*Lacy* v. *Cox,* 3 *Gr.* 469, seems to be a relaxation of the rule, but in that case the appellant had frequently called at the justice's house for the purpose of demanding an appeal and tendering a bond, but had not been able to find the justice, who was absent from home and in a distant part of the state.

The case in hand is not within the exception of this case; there was nothing to hinder the prosecutor from filing the appeal bond on or before the first day of the October Term of the Common Pleas, but such failure was due entirely to the prosecutor's own laches.

The order dismissing the rule to show cause was properly made.