## MARY A. DEACON v. HOWARD PARRY, EXECUTOR.

Submitted March 20, 1902—Decided June 9, 1902.

1. Sections 79 to 83 of the Justice's Court act (*Gen. Stat., pp. 1880, 1891*), require that an appeal, if taken, be taken on or before the first day of the term of the Court of Common Pleas held next after the rendition of the judgment.
2. The defendant, in an action in the Court for the Trial of Small Causes, waived his right to make defence in that court, with the intention of taking an appeal. He made a verbal arrangement with plaintiff's attorney by which the latter was to send notice to defendant of the amount of the judgment and costs, in order that defendant might properly prepare an appeal bond. Plaintiff's attorney neglected to send such notice. Defendant, although acting under advice and direction of counsel, did not know when the next term of the Court of Common Pleas opened, and was unaware that the law required the appeal bond to be filed on or before the opening day. In fact the term opened five days after the day judgment was rendered in the Justice's Court. Defendant filed no bond and took no steps towards demanding an appeal until some time after the opening day of the term of court, relying, meanwhile, upon plaintiff's attorney to notify him of the amount of the judgment. *Held*, that the Court of Common Pleas erred in allowing defendant to take an appeal after the opening day of the term.

On *certiorari* to Burlington Common Pleas.

Before Justices FORT, HENDRICKSON and PITNEY.

The opinion of the court was delivered by

PITNEY, J. Suit was commenced in a Justice's Court in Burlington county on January 9th, 1901, by summons issued on that day and returnable on the 17th. The summons was served on the 12th. Defendant did not appear before the justice upon the return day, and, in his absence, judgment was taken against him. The next term of the Court of Common Pleas opened on January 22d. Defendant filed no appeal bond on or before that day and indeed took no step towards demanding an appeal from the time of the rendition of the judgment

until February 14th, when he applied to the Court of Common Pleas by petition setting up surprise and merits and praying that he be permitted to appeal from the judgment rendered against him by the justice and be allowed a reasonable time within which to file an appeal bond and perfect his appeal. The Court of Common Pleas granted a rule to show cause, under which evidence was taken, and on March 15th an order was entered making absolute the rule to show cause and granting leave to the defendant to appeal from the judgment and file his appeal bond with the justice, and requiring the justice to grant the appeal and send up a transcript of the judgment. The order to show cause and the order of March 15th are, by writ of *certiorari,* brought here for review.

In addition to the facts above mentioned, it appears from the certified findings of the Court of Common Pleas that defendant, on being sued in the Justice's Court, secured an agreement, in writing, from the plaintiff to adjourn the trial to a day subsequent to January 22d, but afterwards defendant consulted counsel, and pursuant to advice thus received he entered into a verbal arrangement with the plaintiff, the effect of which was to waive the stipulation for postponement and "to let judgment be taken by default before the justice and the case heard on appeal, rather than adjourn the case and have a contest before the justice." Thereupon defendant, still acting under advice of counsel, caused an appeal bond to be prepared (except for filling in the amount of the judgment) and had a bondsman ready to sign it. On the morning of the return day the defendant, with his bondsman and the bond, was at a town eight miles distant from the justice's office. The weather being very disagreeable, and defendant desiring to avoid the necessity of driving that distance, he spoke with plaintiff's attorney by telephone and arranged with him that information should be sent to the defendant as to the amount of the judgment and costs, in order that the appeal bond might be properly filled up and signed and forwarded to the justice, with the costs of the appeal. Relying upon this arrangement, the defendant did not appear before the justice, and the plaintiff took judg-

ment.  Plaintiff's attorney, on the same day, requested the justice to mail a bill of costs to the defendant, but this was not done, nor was defendant notified of the amount of the judgment until after the opening day of the term of the Court of Common Pleas.  It appears that although defendant was acting under advice and direction of counsel, he did not know when the term of court opened, nor was he aware that the law required the appeal bond to be filed on or before the opening day of the term.

These facts and circumstances were deemed by the Court of Common Pleas sufficient ground for making an order permitting the defendant to appeal, and requiring the justice to send up the transcript.

In this the court erred.  It is established by repeated decisions of this court that sections 79 to 83 of the Justice's Court act (*Gen. Stat., pp.* 1880, 1891) require the appeal to be taken on or before the first day of the term of the Court of Common Pleas next after the rendition of the judgment. *Lear* v. *Budd,* 27 *Vroom* 457 ; *West Jersey, &c., Railroad Co.* v. *Miller,* 37 *Vroom* 178, and cases cited.  The case of *Lacy* v. *Cox,* 3 *Gr.* 469, was entirely exceptional and furnishes no precedent for granting an appeal in the present case.  If in any circumstances the Court of Common Pleas has jurisdiction to grant an appeal where one has not been duly demanded on or before the first day of the term, the circumstances of this case are not such as to warrant the grant of an appeal.  There is no sufficient excuse for the defendant's delay.  He was not justified in resting so long upon a verbal arrangement made by telephone with plaintiff's attorney, even if he had any right to call upon that attorney for information to aid him in taking an appeal from a judgment which the attorney's duty to his client required him to uphold and enforce.  There being no stipulation, in writing, binding upon the plaintiff, the attorney, in agreeing to give notice to the defendant, must, under the circumstances, be treated for that purpose as the agent of the defendant and not of the plaintiff.  Of course, defendant's ignorance of the

law regulating such appeals cannot avail him. We may add that a defendant who voluntarily relinquishes his right to make defence on the merits in the Justice's Court has no peculiar claim to indulgence in his effort to secure an appeal. Since he elects to rely upon the appeal, he should at least inform himself of the steps necessary to be taken in order to perfect his appeal, and should use reasonable diligence about taking them.

The order and proceedings of the Court of Common Pleas should be set aside, with costs.

Submitted March 20, 1902—Decided June 9, 1902.