Close v. Huntington.

H. A. Close v. C. C. Huntington, *as County Surveyor, etc., et al.*
No. 12,966.    (71 Pac. 812.)

SYLLABUS BY THE COURT.

1. Survey — *Irregularities* — *Method of Redress.* One who has instituted proceedings under the statute to locate the corners and boundary lines of land, and who is present when the surveyor does so, cannot maintain an independent action to set aside the report of the surveyor locating such corners and lines, because notice of such proceedings was not given to all parties interested, or for a sufficient length of time; or because the surveyor in determining the questions heard hearsay, illegal and immaterial evidence; or because the surveyor made an error by which the plaintiff unjustly lost land; or because the surveyor's report of such survey was not filed within the time prescribed by law. These matters are each and all but irregularities, not rendering the survey void, and to cure them an appeal must be taken.

2. ——— *Failure to Appeal.* Nor can such party be relieved in such case by an independent action because he has, by inadvertence and mistake, failed to perfect his appeal within the time allowed by statute.

Error from Greenwood district court; G. P. Aikman, judge. Opinion filed March 7, 1903. Affirmed.

*Lew E. Clogston*, for plaintiff in error.

*T. C. Turner*, for defendant in error C. C. Huntington, and *James Shultz*, for defendants in error A. P. Harmon and J. H. Harbor.

The opinion of the court was delivered by

CUNNINGHAM, J. :   The surveyor of Greenwood county was called on by the plaintiff in error to locate certain corners and boundary lines of lands in that county, under the provisions of article 12, chapter 25, of the General Statutes of 1901.   He fixed a time to do so, and gave notice of that time to the several parties interested.   It is claimed, however, that such notice was not given a sufficient length of time before the survey, and that not all interested parties were notified.   At the time named, he proceeded to locate corners and fix lines, the plaintiff in error being present. To aid him in determining the matter, he took evidence, as might be done under the statute, but did not confine himself in so doing to legal evidence, but heard hearsay, illegal and immaterial testimony.   It is claimed that in locating corners and lines an error was made by which five acres of land, more or less, was lost to plaintiff in error.   The surveyor made up his report in substantial compliance with law, but failed to file it within the prescribed time.

The plaintiff, feeling aggrieved by such findings and report, took steps in due time to appeal therefrom, but, by mistake, proceeded under the provisions of section 173c, article 12, chapter 25, of the General Statutes of 1889, instead of under section 10, chapter 89, of the Laws of 1891 (Gen. Stat. 1901, §1821), which has changed the former law in respect to such appeals.   He therefore found, when it was too late, that his appeal was not properly perfected, and thereafter brought this action, making the county surveyor and several parties interested defendants, setting out the facts hereinbefore recited, and praying that the former survey be set aside, and the surveyor required

to proceed again to locate the corners and lines correctly. A demurrer to this petition was sustained and the case is here.

We see no possible standing ground for the plaintiff in error. He instituted the proceeding which resulted in the survey, and knew that it was progressing. That others interested did not have sufficient notice, or notice at all, would not render the proceedings void as to him, and, unless they were void as to him, he could not attack them in this collateral manner. That illegal evidence was heard by any tribunal, even the most formal, does not make void the conclusions reached by such tribunal. It does not even appear in this case that the reception of such evidence was objected to, and, from aught that is shown, it might have been introduced by the very party now complaining. The time within which the report is to be filed is directory merely, or, at least, a failure to file within the time specified in the statute does not make void the entire proceeding. All of the shortcomings of the surveyor charged in the petition amount only to irregularities, which, to be cured, must be appealed from, and cannot be reached in this collateral manner.

Nor is ground found for relief in the fact that through mistake he failed to perfect his appeal in time. The right of appeal exists only because provided by law, and must, in order to be available, be exercised in time and manner in compliance with law, and one can find no legal excuse for his failure to do so in his ignorance of the law.

The judgment of the court below will be affirmed.

All the Justices concurring.