### In re SURVEY OF SECTION 30, TOWNSHIP 19, RANGE 20, DEWEY COUNTY. CROW v. FAIRCHILD, County Surveyor, et al.

No. 7616—Opinion Filed July 11, 1916.

(159 Pac. 357.)

**1. Boundaries — Determination — Survey — Appeal.**

Upon the filing of the report of a survey, any person served with notice of the survey and being aggrieved by such survey may, within 30 days after the filing of such report, appeal to the district court of the county by filing with the county surveyor a notice of his intention to appeal, stating in such notice the errors in the survey appealed from, and by giving an appeal bond.

**2. Same.**

When the notice and bond is not given within 30 days from the filing of the report of survey, but is given after the expiration of that time, the district court does not acquire jurisdiction of the cause.

(Syllabus by Edwards, C.)

Error from District Court, Dewey County; T. P. Clay, Judge.

In the matter of the survey of section 30, township 19, range 20, in Dewey county by

J. E. Fairchild, as county surveyor. From a judgment of the district court dismissing an appeal by Alex Crow from the report of survey, Crow brings error. Affirmed.

W. P. Hickok, for plaintiff in error.

Adams & Smith, for defendant in error.

Opinion by EDWARDS, C. On the 16th of October the county surveyor completed a survey, and on November 14th filed his report. On March 27th following, the appellant served notice of appeal and filed his appeal bond, the proceeding being regular, except that the notice and bond were not filed within 30 days from the filing of the report by the county surveyor. The appeal, as taken, is supported by affidavit explanatory of the delay in filing the notice and bond and setting out the method pursued by the county surveyor in making the survey and the nature of the damage sustained by appellant thereby, and stating that on November 15th, appellant went personally to the county surveyor and inquired if he had filed a report, and was by said county surveyor informed that he had not, and was not going to file any for the reason that he did not consider that he had made a completed survey. The survey in question appears to have been made upon the application of one Mat Jones, guardian, appellee, who appeared in the district court and filed his motion to dismiss the appeal, and contested the affidavit filed by the appellant in support of the appeal. The court, in considering such motion to dismiss, made findings of fact substantially as above set out, but held that the failure of the appellant to file his notice within 30 days was such a defect in the appeal that the district court did not acquire jurisdiction, and rendered judgment dismissing the attempted appeal. From such order of the district court the appellant has brought the case to this court. The case is ably presented by the briefs of counsel representing both appellant and appellee.

The question to determine is, Did the failure of the plaintiff in error to serve notice within 30 days bar the right of appeal? Section 1721, Rev. Laws 1910, provides the procedure for appeals from the county surveyor to the district court as follows:

"Upon the filing of the report of each survey, any person served with the notice of the survey as herein provided, and being aggrieved by such survey, or the costs thereof, may at any time within thirty days after the filing of such report, appeal to the district court of the county by filing with the county surveyor a notice of his intention to appeal, in which notice he shall state in what particulars the survey as shown by such report is erroneous or fails to do him justice, or, if he appeals from the apportionment of costs alone, then in what particulars the costs stated in the cost bill are unauthorized or excessive, and by giving a bond with two sureties to be approved by and filed with the clerk of the district court, running to the said clerk and conditioned for the payment of the costs of the appeal if the report of the county surveyor shall be affirmed by the court. Upon the filing of such notice and bond, the county surveyor shall certify such appeal to the clerk of the district court, by filing with such clerk a certified copy of the report, if the survey be appealed from, and the original notice of the appeal, but if the appeal be from his apportionment and assessment of costs, then by filing with such clerk a certified copy of his cost bill and the original notice of appeal."

Counsel for appellant earnestly and with much force contends that, as the law does not require the surveyor to file the report of a survey in any particular place in his office, nor require him to keep a public record of such filing, all appellant was required to do was to make an inquiry of the officer himself; that appellant is guilty of no laches and has done all that the law, diligence, honesty, and fairness required of him; that the failure to serve the notice and take the appeal within the time specified is due to misconduct on the part of the officer from whom the appeal was sought to be taken; and that the court below should have allowed the appeal to be entered nunc pro tunc. The appellee contends that, in the absence of a statute providing relief in cases of fraud, accident, or mistake, neither an officer, the trial court, nor appellate court has power to extend the statutory time for an appeal; that if the appeal be not taken within the time fixed by law, it is a nullity, and the appellate court is without jurisdiction thereof; that the appellate court cannot act in such a case unless authority to grant relief is granted by some provision of law. Numerous authorities are cited by both appellant and appellee in support of their respective contentions.

It seems to be settled law that where a party does all that is required of him, he cannot be deprived of his right of appeal by the omission of an officer to perform his duty, either through negligence or design. But, as we construe the authorities, this applies only to a duty imposed upon the officer by some provision of the law. In the instant case the law does not require the surveyor to notify the parties of the filing of his report, but merely fixes a time within which it must be filed; and there is no evidence or finding that the appellant went to the office of the surveyor and demanded to see the report of the record of this filing, or filed, or tendered for filing, any notice of appeal. The appellant did not appeal nor attempt to appeal within the time fixed by

the statute. The step necessary to have been taken by him was to serve the notice or tender same. If this had been done and the surveyor had refused to accept the notice and bond, or, after having accepted the same, had failed to certify up the appeal, the district court would have acquired jurisdiction, and could have required such officer to perform the steps necessary to make the appeal effective.

A great many of the states have statutes authorizing the taking of appeals after the time fixed has expired, and most, if not all, of the authorities cited by appellant will be found to be based upon such a statute, except in cases where the party seeking to appeal has actually done the things required of him, to transfer the jurisdiction to the higher court.

"(a) Under the statutes of some of the states an appeal may be allowed from a justice's judgment by the appellate court after the expiration of the time for appeal where the appellant brings himself within the terms of the statute." 24 Cyc. 664.

The following citations are an illustration of the effect of a statute in such cases:

Thomas v. Littlefield, 1 Ind. 361:

"The statute on the subject enacts that the circuit court may, on motion and affidavit, authorize the taking of an appeal * * * after the expiration of 30 days from the rendition of the judgment, if it shall appear * * * that the party wishing the appeal was prevented from taking the same within said 30 days by unavoidable circumstances, or by the improper conduct of the justice * * * or of the appellee, and that he has merits in such appeal. Rev. Stat. 1843, page 892." Goldhamer v. Lillibridge, 107 Mich. 259, 65 N. W. 97.

"The general statute relative to justices' courts provides that appeals to the circuit court shall be taken within 5 days after the rendition of judgment, but that the circuit judge may authorize an appeal after the expiration of that time where the party has been prevented from taking the same by circumstances not under his control" (citing 2 How. Stat. Mich. secs. 6999-7005).

But these authorities and the numerous others sustaining the same proposition are not in point here, for the reason that in this state no such statute exists. To sustain the contention of the appellant and extend the time for appeal, it would be necessary to ingraft upon the law a proposition not expressed therein. The general rule supported by many authorities is stated in 2 Enc. of P. & P. pp. 239, 244, 245:

"Statutes of Limitation Jurisdictional. Statutes limiting the time to appeal from a decision below are mandatory and jurisdictional. They must therefore be strictly complied with. The court cannot ingraft any exceptions on the statute nor admit any excuse for failure to comply with its requirements; and, unless an appeal is taken within the statutory period, the court has no jurisdiction, and the appeal is void for all purposes, and will be dismissed either on motion of appellees or on the appellate court's own motion. In such case the court has no power to make any other order than that of dismissal; it cannot inquire into the jurisdiction of the lower court.

"Extension of Time. * * * No court or judge can extend the statutory time for taking an appeal, except where the statute so authorizes.

"Relief Against Accident. The prevailing doctrine is that an appellate court cannot relieve an appellant from the effect of misfortune, accident, or mistake, unless the statute expressly authorizes relief. Therefore the appellant's right of appeal lapses with the expiration of the statutory period beyond recall."

In Murff v. Osburn (Miss.) 24 South, 873, the court says:

"To sustain the contention of counsel for the appellant, and maintain the jurisdiction of the circuit court in this case, we shall be compelled to ingraft an exception on the statute, and this we are not authorized to do. While it is true that during the greater part of the entire 5 days following the rendition of the judgment, the justice of the peace was absent, and therefore that the appellant could not file his appeal bond and have it approved, yet it is also true that the [appeal] bond might have been filed and approved on the day of the rendition of the judgment, as the justice of the peace was not absent himself until the next day. The cause presents a hardship, perhaps, but we cannot relieve against it without ingrafting on the statute an exception which the Legislature has not seen proper to make."

And in line with these holdings this court in Vowell v. Taylor, 8 Okla. 625, 58 Pac. 944, says:

"An appeal is purely a statutory privilege, and is not a matter of right. It is only by complying with the statutory requirements that one becomes entitled to the privilege of an appeal. By other provisions of the statute the courts are authorized to permit the filing of new bonds, or the giving of additional sureties, in cases where the appeal bond or sureties shall be insufficient. Statutes 1893, sec. 4772. But such authority is only conferred where a bond has been given and accepted, and is, for some defect or irregularity, insufficient. Where no bond is given no right to an appeal exists, and no such right can be acquired in the absence of a bond. The jurisdiction of the cause is in the court rendering the judgment, and such jurisdiction cannot be transferred to the district court unless an appeal bond be executed, and approved by the justice who rendered the judgment."

See, also, cases of Huzza v. Clark et al.. 102 Ga. 579, 27 S. E. 677; Deacon v. Parry. 68 N. J. Law, 186, 52 Atl. 628; Henderson v. Pendleton, 55 Okla. 41, 154. Pac. 1145.

That there may be hardship upon appellant in the instant case may be admitted, but we think this court, in the absence of a statute, is without the power to extend or enlarge the time for an appeal in order to mitigate the hardship of any particular case. Equity may relieve. Dunlap v. Rumph, 43 Okla. 491, 143 Pac. 329. But as the district court did not acquire jurisdiction of the appeal, it was without power to hear and determine same.

The judgment will be affirmed.

By the Court: It is so ordered.