## STATE OF KANSAS

### JULY TERM, 1921.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST, } JUSTICES.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

No. 22,901.

LENA STALNAKER, *Appellant,* v. M. T. BAIR, *Appellee.*

SYLLABUS BY THE COURT.

1. BOUNDARY LINE—*Two Tracts of Land—Evidence.* In a controversy as to the boundary line between two tracts of land, it is held that the evidence upholds the rulings as to the sufficiency of the evidence and the judgment of the court.
2. SAME—*Evidence—Survey—Collateral Attack.* The plaintiff applied for a statutory survey of the tracts, which was made. She was present and participated in making the survey, from which no appeal was taken and could not thereafter make a collateral attack on the survey upon the ground that there were irregularities in making it.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed December 10, 1921. Affirmed.

W. B. Ham, and C. W. Smith, both of Stockton, for the appellant.
W. K. Skinner, and W. L. Sayers, both of Stockton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the court was asked to establish a certain boundary line between two quarter sections of land and to award damages for injury done to plaintiff's property. From a ruling sustaining a demurrer to plaintiff's evidence and rendering judgment in favor of the defendant, the plaintiff appeals.

It appears that a fence had been built at an early day between the two tracts by former owners, but it was not built on an established line and was not even upon a straight line. That fence had been destroyed and removed long before the controversy between the present parties arose. A disputed claim had been made that this fence was on the true line. To determine the true line the plaintiff in 1915 took steps to obtain a statutory survey which was made upon notice to interested parties. On this survey a line was run and monuments were set. After about two years it was proposed to build a fence along the line and as the center stone had been displaced and was lying loose upon the surface, the parties asked the surveyor to find the location of it. From stones which had been set on the north and south lines, which were well established, the surveyor used his transit only and ran an inside line between the monuments on the north and south sides of the section. There was no contention that this was an official survey, but it was made to accommodate the parties and point out to them the location of the center stone and the dividing line between the two tracts so that a fence might be erected thereon. The defendant built a fence on this line, but plaintiff insists that it was placed several feet over upon her land.

Although there is some contention that there was open and adverse possession by plaintiff and her grantors of the strip for more than fifteen years, there is evidence to the contrary. The evidence failed to prove that the old fence was on the true line, neither can it be said that there was an agreement that it should be treated as the dividing line between the quarter sections. Indeed, the plaintiff in her testimony stated that she was claiming only the land to which she was entitled under the government survey and was not relying upon any agreements previously made. The action was not ejectment to recover possession of the land, nor can it be regarded as one to quiet title. It is contended that *Edwards v. Fleming*, 83 Kan. 653, 112 Pac. 836, is an authority supporting plaintiff's contention. In that case it was shown and found that there was acquiescence in a certain boundary line and adverse possession of the strip claimed for more than fifteen years, and it was determined that a subsequent statutory survey did not change the title to land thus acquired. The evidence and findings in this case do not bring it within that rule. While there was considerable dispute as to the location of the center stone as fixed by the survey of 1915, the evi-

dence showed that the fence recently built by the defendant is upon the line established by the survey.

Complaint is made of the exclusion of evidence relating to the survey of 1915, but aside from the objection that the excluded evidence was not presented on the motion for a new trial, it was not admissible. A statutory survey had been made, one called for by the plaintiff, and she participated in establishing the boundary. The proposed evidence was an attack upon that survey. No appeal had been taken from it and even if there were irregularities in making it, it was a conclusive determination of the boundary and could not be overturned by a collateral attack. Even if the rulings on the evidence were regarded as open to review, it must have been held that the evidence was properly excluded. (*Close v. Huntington*, 66 Kan. 354, 71 Pac. 812; *Shanline v. Wiltsie*, 70 Kan. 177, 78 Pac. 436.)

An examination of the record satisfies us that the rulings of the court excluding evidence are correct and that no material error was committed on rulings as to the admission of testimony.

Judgment affirmed.