## CHISHOLM v. BLANTON et al. .

No. 13514—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 18, 1924.

**1. Judgment — Res Judicata — Ejectment Suit as Concerning Title to Improvements.**

It is the policy of the law to require the parties to litigate all matters relevant to the issue at one and the same time, and where an ejectment suit is brought to secure possession of land, the ownership of all improvements then known to be situated on the land should be adjudicated in that suit in so far as the interest of all parties to the suit is concerned. and a plea of res judicata is a good defense to an allegation of ownership in a second suit between the same parties involving title to such improvements.

**2. Appeal and Error—Insufficiency of Instructions—Requests Below.**

The rule is well established that where the instructions of the court do not cover all phases of the case, counsel is bound to call the court's attention to the omission by appropriate request for additional instruction or be precluded from making such failure available as reversible error.

**3. Boundaries—Surveys—Statute.**

"The corners and boundaries established in any survey made in pursuance of any agreement or in any survey made in conformity with the provisions of this article, where no appeal is taken from the surveyor's report, and such corners and boundaries as are established by the decree of the court, shall be held and considered as permanently established. and shall not thereafter be changed." Section 5923. Comp. Stat. 1921.

**4. Same — Records — Irregularities — Collateral Attack.**

The provision of section 5920, Comp. Stat. 1921, providing that accurate plat and field notes of all surveys shall be filed in the surveyor's office is merely directory, and where an accurate return of the survey is made, and the custody of same retained by the surveyor and afterwards the same is duly made a matter of record as required by law, failure to mark such papers filed does not invalidate the survey. and such irregularity must be raised by appeal, and cannot be raised on collateral attack.

(Syllabus by Jones. C.)

Commissioners' Opinion, Division No. 3

Error from District Court, Garvin County; C. C. Smith, Assigned Judge.

Action by J. T. Blanton and O. W. Patchell against James Chisholm. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. R. Wallace and J. W. Field, for plaintiff in error

Blanton, Osborn & Curtis and O. W. Patchell. for defendants in error.

Opinion by JONES, C This suit was instituted in the district court of Garvin county, Okla., on March 17, 1919, by defendant in error, plaintiffs in the trial court, against James Chisholm, plaintiff in error, defendant in the trial court, being a suit in replevin to recover possession of certain improvements, or the value thereof, which had

been removed, as alleged by plaintiffs, from a certain tract of land owned by plaintiffs. The record discloses that the land in controversy and the principal portion of the improvements, to wit, a barn and other minor improvements, were placed upon the same by Zachariah Gardner, an Indian citizen. It appears that the barn was constructed prior to the allotment of the land in controversy by the said Zachariah Gardner. Thereafter the land was allotted in severalty and the said Zachariah Gardner selected for his allotment the land upon which was situated his residence, and his wife, Levina Gardner, selected as her allotment an adjoining tract of land upon which was situated the barn in controversy. The plaintiffs herein, some years prior to the institution of this suit, procured title to the Levina Gardner allotment upon which the barn was situated, subject to a life estate held by Zachariah Gardner. The said Zachariah Gardner died in January, 1917, and it seems that the defendant, Chisholm, and the surviving widow of Zachariah Gardner set up title to said lands and refused to surrender possession thereof to Patchell and Blanton, appellees herein. The said Patchell and Blanton instituted an ejectment action, which was tried on the 26th day of September, 1917, and resulted in a judgment in favor of plaintiffs in that case. Appellees herein plead the judgment in that case as a bar to the prosecution of this action on the theory that it was res judicata, and offered in evidence in the trial of the case the judgment rendered in that case, which was appealed from and resulted in the case being affirmed, and had become a final judgment at the time of the trial of the case, which we are now considering and call special attention to a portion of the judgment as follows:

"It is further ordered, adjudged and decreed that the defendants and each of them be, and they are hereby forever restrained and enjoined from removing any fence or other improvements from said premises or otherwise creating any waste thereon."

The record discloses that about a year prior to the institution of this suit, the defendant, Chisholm, went on the premises and removed certain improvements, consisting of out-houses, fences, and gates, and that during the time he was so engaged in the removal of the improvements, the appellees, Blanton and Patchell, went upon the premises and remonstrated with the said Chisholm concerning his action and conduct, and as a result an agreement was entered into between the parties whereby, as alleged by the appellees herein, it was agreed that the said Chisholm might have the improvements so removed and other specified articles agreed upon if he would refrain from further molesting the premises, but appellees allege in their petition that he violated this agreement in removing the barn from said premises about a year later. The conditional provision of the agreement, however, is denied by Chisholm. The defendant, Chisholm, in his answer avers that the barn in question was partly placed on the lands of the plaintiff by mistake, and that he did not remove same until he was informed and believed that the plaintiffs in the case were about to remove it, and contends that under the law, he was justified in this procedure. The case was tried to the court and jury, and resulted in a verdict in favor of the plaintiffs for the possession of the improvements removed, or the value thereof, as assessed by the jury, from which verdict and judgment of the court, based thereon, the defendant has duly appealed to this court, and sets forth various assignments of error, and in his brief insists that the court erred in sustaining the verdict of the jury against defendant for damages, and sets forth portions of the testimony in an effort to establish the insufficiency of the evidence on this point. This, however, is purely a question of fact, and while there is some conflict in the evidence we think from an examination of same that the proof is sufficient to justify the verdict of the jury, and under the well-established rules of this court to the effect that where there is evidence reasonably tending to support the verdict of the jury, same will not be disturbed on appeal, this rule disposes of this issue or contention in favor of the appellees. The contention of the appellees that the judgment in the former case, wherein an action was brought for ejectment, is res judicata of this proceeding would be well taken were it not for the fact that plaintiff alleges and seeks to show that the barn in question was constructed at least in part upon the lands of the appellant, Chisholm, which raises an issue as to the boundary line. He also alleges that it was placed upon the lands of the plaintiffs by mistake, but in view of the fact that the record discloses that the improvements were made in ante-allotment days, and long before land lines and section corners were of any importance or given any consideration by the aborigines of the then Indian Territory, we do not regard this contention as tenable. Clearly no mistake could have been made by Zachariah Gardner at that time as to whose land he was placing the improvements on, as he was in possession and controlled all the lands upon which the various improvements were placed, however the question of the location of the land

line in dispute was not necessarily an issue that should have been adjudicated in the trial of the suit in ejectment, and therefore is the only issue for our determination in this case, at least it is the paramount issue, which controls all other issues involved, and determines the right of possession.

The appellant complains in the second assignment of error of the exemplary damages recovered against him. The evidence in this particular discloses, as heretofore set forth, that there was a permanent injunction issued in the former case restraining the defendant from removing the improvements on the land of these plaintiffs, and it also discloses that the defendant removed the barn in question in the night-time, and at a time when plaintiffs were seeking to have him served with an additional order of injunction, and while the record discloses that the sheriff had visited his place on two or three different occasions just prior to the removal of the barn, he was unable to apprehend him for the purpose of serving the papers, and in view of all the facts surrounding the case, if in fact the plaintiffs were entitled to recover damages at all, we think there would be no question as to their right to recover exemplary damages. The question was fairly submitted to the jury by the instructions of the court, and we think, under the rules heretofore stated, should not be disturbed.

In the third assignment of error the appellant contends that it is undisputed that a portion of the property removed from the plaintiff's land was property placed upon the premises by the defendant himself at his own expense long prior to the bringing of this action, and that it was removed therefrom with the consent of the plaintiffs and by their actual assistance, but from an examination of the record we cannot concur in this statement, and appellant cites no portion of the testimony substantiating the same, and our attention is called to a portion of the testimony which refutes it. We therefore find no merit in such assignment of error.

The fourth assignment of error complains of certain instructions given by the court as follows:

"You are instructed, gentlemen of the jury, that this is known in law as a replevin action and the gist of the suit is the recovery of the possession of property, or in the event the possession of the same cannot be had, then the reasonable value thereof. And if you find by a preponderance of the evidence that the improvements and property alleged in the petition to have been taken by the defendant were located, at the time of their taking, on the premises and lands belonging to the plaintiffs, then it will be your duty to find for the plaintiffs on that issue."

The appellant contends that this instruction is erroneous for the reason that it does not state that the defendant could have taken the property in question off the premises belonging to the plaintiffs if they had given their permission or had agreed to let defendants take the property off, and further complains that it does not submit to the jury the question of whether or not the barn in question was placed on the property by mistake. We think the instruction complained of should be considered in connection with instruction No. 8, which is as follows:

"If you find that an agreement has been entered into between the plaintiffs and defendant by which the plaintiffs agreed that the defendant would take certain property on condition that he would not disturb them any further in the possession of their own land, and that thereafter, if you find the defendant violated the terms of said agreement, the plaintiffs would be entitled to recover the value of the property so taken" —which submitted to the jury the theory of the agreement as contended for by the appellees. It is true that the court did not instruct the jury as to the appellant's theory or contention as to what the agreement was. The appellant, however, failed to call our attention in his brief to any evidence establishing what the agreement was or when it was made. The record, however, discloses that while counsel for appellant was cross-examining one of the appellees, Patchell, while on the stand as a witness, that whatever agreement was made, if made at all, was during the life-time of Zachariah Gardner, and long before the institution of the ejectment suit, which has heretofore been referred to, and which has been pleaded by the appellees as a bar to this defense, and when it developed that the contract being inquired about was entered into prior to the institution of the ejectment suit, plaintiffs in the trial court objected to the evidence for that reason, which objection was sustained by the court, hence, so far as the evidence which is disclosed by the brief of appellant is concerned, there is no evidence as to this contract or agreement, and we assume that the court refused to instruct the jury on this theory of the case, as contended for by appellant, because of the lack of any evidence or proof of the issue.

Appellant further complains of the fact that the court did not submit to the jury the issue of whether or not the barn in question was placed on the property by mistake. So far as we are able to determine from the

record, there is a total lack of evidence indicating that the barn was placed on this particular tract of land by mistake. In fact the undisputed evidence forestalls any such conclusion, and we think the court was justified in failing to instruct on this phase of the case. The record also discloses that appellant, the defendant in the trial court, did not call the court's attention to these objections specifically, and did not make any request for an instruction covering this phase of the case, nor did he present any written requested instruction covering these phases, or issues of the case, and while this court has held in the case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 Pac. 742, that: ·

"It is the duty of the trial court upon its own motion to properly instruct upon the issues made by the pleadings, and the evidence introduced at the trial of the cause, and a failure to do so constitutes fundamental error."

And further that:

"Where the trial court incorrectly instructs the jury in such a way as to constitute prejudical error, such error is not cured or waived by the failure to request a proper instruction."

We do not regard this rule as controlling in the instant case for the reason that our attention is called to no evidence introduced at the trial in support of the allegations of the petition, nor are the instructions subject to the criticism that they were erroneous or prejudicial, in fact, the instructions complained of are correct in their application of the law to the facts, and correctly set forth the theory of the plaintiffs in the trial court, and in the case of Heindselman v. Harper, 91 Okla. 50, 215 Pac. 771, this court laid down the following rule:

"The rule is well established where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instruction or be precluded from making such failure available as reversible error."

And we thing this rule is applicable to conditions as we find them in the case at bar, and we are inclined to the opinion that appellant waived his right to make the objections raised in the assignment of error, having failed to offer requested instruction covering this phase of the case, and having failed to call the court's attention to same by special request. The court's failure to instruct on appellant's theory as to the agreement could only apply to the minor improvements removed and not the barn, and in view of the fact that all the evidence that we have on that point shows that if any

agreement was ever made authorizing the appellant, Chisholm, to place these improvements upon the premises and remove same, it was made prior to the institution of the ejectment suit which is pleaded by appellees as a bar to this defense, we think constitutes a good plea of res judicata as to these particular improvements, because if such an agreement had been made and the improvements placed on the premises prior to the institution of the original ejectment suit, then it was a matter that should have been adjudicated in the trial of that case, and we think the plea of res judicata is good, so far as those improvements are concerned.

Appellant further assigns as error, the following instruction of the court:

"You are instructed that a survey made by the county surveyor after due notice as required by law, and the surveyor has made said survey, and filed the same of record, and the survey has not been appealed from, then you will find the record of the line so established by said survey to be conclusive until the same has been changed by another official survey."

And in support of this contention calls attention to the fact that the return of the surveyor did not bear any file marks and quotes section 5920, Comp. Stat. 1921, which is as follows:

"On the day mentioned in the notice, or on the next day thereafter, the surveyor shall proceed to make the survey but he may, for good cause, adjourn from time to time. He may, upon the application of any party who is interested in such survey, or upon his own motion, take the evidence of any witness or witnesses who may be produced to prove any point material to such survey, which testimony shall be reduced to writing and subscribed to and sworn to by the witness or witnesses, and, together with an accurate plat and field notes of such survey, shall be filed in the office of the surveyor within thirty days after the completion of such survey."

And specially relies on the latter clause of the section, which provides that the plat and field notes shall be filed in the office of the surveyor within 30 days after the completion of the survey. And while, as heretofore stated, the record shows the plat and the return of the surveyor bear no file marks, the record does disclose that same was duly recorded as required by law:

"There being no appeal from the above surveys, lines and corners established as above set forth, I have on this 10th day of April, 1918, caused said surveys to be recorded in Book 2, at page 44, of the County Surveyor's records of Garvin County, Oklahoma.

"R. J. Wheeler, County Surveyor."

Appellant cites the case of Jack v. Garber, 35 Okla. 700, 132 Pac. 805; Schwab v. Stoneback, 49 Kan. 607, 31 Pac. 142, in support of his contention that failure to mark the returns filed rendered the survey made invalid and of no binding effect.

Appellees, however, call attention to section 5921, Comp. Stat. 1921, as follows:

"Upon the filing of the report of each survey, any person served with the notice of the survey as herein provided, and being aggrieved by such survey, or the costs thereof, may at any time within thirty days after the filing of such report, appeal to the district court of the county by filing with the county surveyor a notice of his intention to appeal, in which notice he shall state in what particulars the survey as shown by such report is erroneous or fails to do him justice, or, if he appeals from the apportionment of costs alone, then in what particular the costs stated in the cost bill are unauthorized or excessive, and by giving a bond with two sureties to be approved by and filed with the clerk of the district court, running to the said clerk and conditioned for the payment of the costs of the appeal if the report of the county surveyor shall be affirmed by the court. Upon the filing of such notice and bond, the county surveyor shall certify such appeal to the clerk of the district court, by filing with such clerk a certified copy of the report if the survey be appealed from, and the original notice of the appeal, but if the appeal be from his apportionment and assessment of costs, then by filing with such clerk a certified copy of his cost bill and the original notice of appeal."

Section 5923, Comp. Stat. 1921, is as follows:

"The corners and boundaries established in any survey made in pursuance of any agreement or in any survey made in conformity with the provisions of this article, where no appeal is taken from the surveyor's report, and such corners and boundaries as are established by the decree of the court shall be held and considered as permanently established, and shall not thereafter be changed."

Section 5924, Comp. Stat. 1921, provides:

"When any survey made in pursuance of an agreement, or of legal notice, or by the order of the court, shall have become final, it shall be the duty of the county surveyor to record his report thereof and the decree of the court in case of appeal in the records of permanent surveys."

By the first section above quoted it will be observed that the surveyor shall file in his office the details of his survey, and by the second section it is provided that either party shall have 30 days from the date of the filing in which to appeal, and section 5924 provides that the survey shall be final, and section 5923 provides that the survey shall be considered as permanent, and shall not be changed. The record in this case does no disclose that the report was prepared and filed in the office of the county surveyor, but evidently it was prepared and in the custody of the county surveyor. The record does disclose that it was recorded in the county surveyor's office on the 10th day of April, 1915, after the time for appeal had expired, and we are inclined to the opinion that the failure to mark papers filed by the county surveyor was a mere irregularity, and in the absence of fraud the proceedings are not subject to collateral attack as is sought to be done in this case.

In the case of Close v. Huntington, 71 Pac. 812, the Supreme Court of Kansas in discussing a similar case said:

"We see no possible standing ground for the plaintiff in error. He instituted the proceedings which resulted in the survey; knew that it was progressing. That others interested did not have sufficient notice or notice at all, would not render the proceedings void as to him; and, unless they were void as to him, he could not attack them in this collateral manner. That illegal evidence was heard by any tribunal, even the most formal, does not make void the conclusions reached by such tribunal. It does not even appear in this case that the reception of such evidence was objected to, and from aught that is shown, it might have been introduced by the very party now complaining. The time within which the report is to be filed is directory merely, or at least a failure to file within the time specified in the statute does not make void the entire proceeding. All of the short coming of the surveyor charged in the petition amount only to irregularities, which, to be relieved of, must be appealed from, and cannot be reached in this collateral manner. Neither is ground found for relief in the fact that through mistake he failed to perfect his appeal in time. The right of appeal exists only because provided by law, and must, in order to be available, be exercised in time and manner in compliance with law, and one can find no legal excuse for his failure to do so in his ignorance of the law."

Holding that the statute as to filing is directory only and the Close-Huntington Case has been reaffirmed in the case of Stalnaker v. Bair (Kan.) 202 Pac. 600, from which we quote the following:

"The plaintiff applied for a statutory survey of the tracts which was made. She was present and participated in making the survey, from which no appeal was taken, and could not thereafter make a collateral attack on the survey upon the ground that there were irregularities in making it."

In the body of the opinion, we find this statement:

"Complaint is made of the exclusion of evidence relating to the survey of 1915; but, aside from the objection that the excluded evidence was not presented on the motion for a new trial, it was not admissible. A statutory survey had been made, one called for by the plaintiff, and she participated in establishing the boundary. The proposed evidence was an attack upon that survey. No appeal had been taken from it, and even if there were irregularities in making it, it was a conclusive determination of the boundary, and could not be overturned by a collateral attack. Even if the rulings on the evidence were regarded as open to review, it must have been held that the evidence was properly excluded. (Close v. Huntington, 66 Kan. 354, 71 Pac. 812; Shanline v. Wiltsie, 70 Kan. 177, 78 Pac. 436, 3 Ann. Cas. 140.)"

In this case the appellant, who is now complaining of an irregularity in the survey, received due notice and was present when the survey was made, and was represented by a competent surveyor, made no objection, and took no appeal from the surveyor's report.

Appellee cites the cases if Shanline v. Wiltsie (Kan.) 78 Pac. 436; Wilson v. Powell (Ind.) 75 N. E. 611; and Crow v. Fairchild, 60 Okla. 1, 159 Pac. 357, wherein this court said:

"It seems to be settled law that where a party does all that is required of him, he cannot be deprived of his right of appeal by the omission of an officer to perform his duty, either through negligence or design. But, as we construe the authorities this applies only to a duty imposed upon the officer by some provision of the law. In the instant case the law does not require the surveyor to notify the parties of the filing of his report, but merely fixes a time within which it must be filed; and there is no evidence or finding that the appellant went to the office of the surveyor and demanded to see the report of the record of this filing, or filed, or tendered for filing, any notice of appeal. The appellant did not appeal nor attempt to appeal within the time fixed by the statute. The steps necessary to have been taken by him was to serve the notice or tender same. If this had been done and the surveyor had refused to accept the notice and bond, or, after having accepted same, had failed to certify up the appeal, the district court would have acquired jurisdiction, and could have required such officer to perform the steps necessary to make the appeal effective.

In the case of Anderson v. Roberts (Kan.) 119 Pac. 354, it is held:

"Under a statute (Laws 1891, c. 89, sections 9, 10, [Gen. St. 1909, sections 2274,

2275]) requiring a county surveyor to make a written report of a survey, and file it in his office, and allowing an appeal therefrom to be taken within 30 days from the time the report is filed, such report, as to any person having knowledge of the facts, is deemed to be filed from the time it is completed, dated, certified to be correct and signed by the surveyor, and placed among the reports of a similar nature in his office, subject to public inspection, although at the request of the attorney for such person he omits at that time to indorse it as filed, and afterwards places an indorsement upon it indicating that it was filed a few days later (citing 3 Words and Phrases, 2764-2770)."

And in 13 A. &. E. Encycl. of L. 16, note 1, we find the following rule announced;

"Where a public officer himself prepares a paper, and then preserves it as a record in his own office, the situation is different from that presented where some one else delivers him a paper for filing. In the former case, as no one but himself would necessarily know the exact facts, the presumption might be stronger that the date shown by the filing mark was correct. But in either case the indorsement would only be a matter of evidence. An officer who is required to prepare and to file a paper cannot, after its completion, pursue an equivocal course and thereby cause the question, whether at a particular time it had or had not been filed, to turn upon his undisclosed mental attitude concerning it. If everything has been done which is essential to the filing, he has no option to treat it as still unfiled. Here there was evidence that on the 9th of April the report had been entirely completed; that the surveyor had affixed to it a certificate, reciting that on that date he had signed it as a correct report; and that he had then placed it among the other completed reports on file in his office, subject to the inspection of the public. The trial court was warranted in finding that the report was actually filed on the 9th of April, although the surveyor has omitted to indorse it as filed on that date. Such omission was merely to make a complete and formal record of an existing fact."

The record in this case discloses that the survey was perfected on the 8th day of March, 1918, and a complete return made, and we think these various authorities cited are conclusive of the validity of the survey made, and dispose of the controlling issue in this case in favor of the appellees and against the appellant. There might be some complaint made as to the instructions given by the court in this case, but taking them as a whole, and in view of the fact that appellant presented no requested instruction covering the phases of the case, which he contends the court omitted to instruct on, makes the error complained of

not sufficient to constitute reversible error, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.